**BUSAM MOTOR SALES v. FORD MOTOR CO.**

No. 11673.

United States Court of Appeals
Sixth Circuit.

April 14, 1953.

Robert N. Gorman, Cincinnati, Ohio, Gorman, Silversteen & Davis and Robert N. Gorman, Cincinnati, Ohio, Larz R. Hammel, Cincinnati, Ohio, on the brief, for appellant.

J. Mack Swigert, Cincinnati, Ohio, Taft, Stettinius & Hollister, J. Mack Swigert and Robert Taft, Jr., Cincinnati, Ohio, on the brief, William T. Gossett and Duane D. Freese, Dearborn, Mich., of counsel, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This is an appeal from a judgment based on a verdict of a jury in favor of the defendant-appellee, Ford Motor Co., directed by the trial judge at the conclusion of the opening statement of the plaintiff-appellant.

Appellant, who was an authorized distributor of appellee's motor vehicles under appellee's standard form of contract, instituted this action to recover damages alleged to have resulted from the illegal termination of the contract by the appellee. In a former trial, appellant obtained a verdict in the amount of $87,000, which the district judge set aside by granting a motion for a new trial, overruling at the same time a motion for judgment notwithstanding the verdict. Busam Motor Sales, Inc., v. Ford Motor Co., D. C., 85 F.Supp. 790. The Ford Motor Company appealed from that portion of the order which overruled its motion for judgment notwithstanding the verdict. This Court dismissed the appeal on the ground that it was not an appealable order. Ford Motor Co. v. Busam Motor Sales, Inc., 6 Cir., 185 F.2d 531. The facts in detail can be obtained from those two opinions.

The original complaint alleges that by contract of March 4, 1946, the appellant was designated by the appellee as an authorized distributor of its motor vehicles; that, according to its terms, the contract could be terminated at any time at the will of either party by written notice to that effect; that on July 7, 1947, the appellant was notified by registered mail of the appellee's intention to terminate the agreement effective September 5, 1947, which purported termination was not made in good faith on the part of the appellee, but solely to deprive the appellant of profits which it would have received upon the filling of 316 unfilled orders for appellee's motor vehicles; that appellee, in defraud of appellant's rights, refused to deliver any automobiles to the appellant to enable it to fill the orders; "and that by reason of the fraud, bad faith and refusal of defendant to make said delivery, plaintiff company has been damaged" in the amount of $105,-768. Following the dismissal of the appeal by this Court and the remand of the case to the District Court for a second trial, the appellant, on March 17, 1952, moved in the District Court to amend its complaint, the proposed amendment reading as follows: "Plaintiff says that said purported termination was not in good faith on the part of the defendant company, and that the defendant company at the time it entered into the contract intended to terminate said contract, and did not execute said agreement of March 4, 1946, in good faith." The trial judge overruled the motion and the case was set for trial on March 31, 1952.

Appellant's counsel in his opening statement to the jury on the second trial reviewed the evidence which appellant would offer in support of its claim, and stated to the jury in closing as follows:

"So, Members of the Jury, that is the evidence we expect to prove the contract was cancelled. As I said, notice was given on July 7 and the cancellation took place on September 5th. It is our claim that there was bad faith on

the part of the Ford Motor Company from the very inception of this contract and that this bad faith resulted in the cancellation, not terminating in good faith, not entered into in good faith, not performed in good faith, and we contend the Ford Motor Company is liable and responsible for the damages to the Busam Motor Sales, Incorporated."

Appellee moved for the entry of judgment in its favor on the basis of the pleadings and the opening statement, and also for summary judgment in its favor. The trial judge sustained the motions by directing a verdict for the appellee, which was duly returned by the jury, followed by judgment for the appellee. Appellant filed a motion for a new trial, which the trial judge overruled, and this appeal followed.

The contract contained the following provision, the construction and effect of which presents the issue involved in this case. "This agreement may be terminated at any time at the will of either party by written notice to the other party given either by registered mail or by personal delivery, and such termination shall also operate to cancel all orders for Company products theretofore received by Company and not delivered." The contract also provided that it was to be construed in accordance with the laws of Michigan.

The trial judge, as shown by his opinion reported at D.C., 104 F.Supp. 639, was of the view that the provisions of the contract with respect to its termination were valid, and that the right to terminate was not subject to question on the grounds of unreasonableness, unfairness, lack of good faith, bad faith, or because of motive, intent or resulting detriment to the other party. Bushwick-Decatur Motors v. Ford Motor Co., 2 Cir., 116 F.2d 675, 676; Martin v. Ford Motor Co., D.C.E.D.Mich., 93 F. Supp. 920. Appellant concedes that such is the rule in most jurisdictions. It is contended, however, that the law of Michigan, which is controlling in this case, is otherwise. In support of its contention, appellant relies upon J. R. Watkins Co. v. Rich, 254 Mich. 82, 235 N.W. 845, 846. In that case, the Court found against a manufacturer who arbitrarily terminated its contract with a salesman under a provision in the contract permitting either party thereto to terminate it at any time by giving the other party notice thereof in writing by mail. The trial court found that the manufacturer had not assigned any reason for the termination of the contract, that the cancellation of the contract by it was an arbitrary exercise of its will "and was not a reasonable and good faith exercise of the power conferred by the contract to terminate the same by notice." In affirming the judgment of the lower court the Supreme Court of Michigan stated: "A provision in a contract for termination at the option of a party is valid. But where the relationship is commercial and does not involve fancy, taste, sensibility, judgment, or other personal features, the option may be exercised only in good faith." The Court held that the testimony "amply warrants the finding of the court that plaintiff did not act in good faith."

Appellee contends that the ruling in J. R. Watkins Co. v. Rich, supra, is not contra to the prevailing rule in other jurisdictions, relying upon the analysis of that case by the Court of Appeals for the Second Circuit in Bushwick-Decatur Motors v. Ford Motor Co., supra, concurred in by the District Court for the Eastern District of Michigan in Martin v. Ford Motor Co., supra. In the Bushwick-Decatur Motors case, the Court held that the rule laid down by J. R. Watkins Co. v. Rich did not apply to a case involving merely lack of good faith at the time when the contract was terminated, but was restricted to cases where there was lack of good faith at the time the contract was entered into. The Court said [116 F. 2d 676]: "'good faith' here seems to have meant an original intention to offer the agent a fair opportunity, without which the contract would obviously have been void for fraud in its inception." It held the case not applicable to the one under consideration by it by reason of that distinction.

Such analysis of the Michigan law was not concurred in by the trial judge who conducted the first trial in the present

case. On the basis of the pleadings as they then existed, without benefit of the proposed amendment, he ruled that under the Michigan law "contracts terminable at will are binding on both parties until right of cancellation reserved is exercised by cancellation on the part of one or the other, provided further that the option to terminate at will must be exercised in good faith, J. R. Watkins Co. v. Rich, 254 Mich. 82, 235 N.W. 845 * * *," and that "the element of good faith under the Michigan law remains a question of fact for the jury". Busam Motor Sales v. Ford Motor Co., D.C., 85 F.Supp. 790, 796. The ruling finds support from other Michigan cases, such as Brucker v. Manistee & G. R. R. Co., 166 Mich. 330, 335–337, 130 N.W. 822; Holton v. Monarch Motor Car Co., 202 Mich. 271, 274–275, 168 N.W. 539; Hutton v. Sherrard, 183 Mich. 356, 359–360, 150 N.W. 135, L.R.A.1915E, 976; Isbell v. Anderson Carriage Co., 170 Mich. 304, 313–314, 136 N.W. 457.

For the purposes of the present ruling, we do not express any disagreement with the analysis of Michigan law as made in the Bushwick-Decatur Motors case or with the rulings in Ford Motor Co. v. Kirkmyer Motor Co., 4 Cir., 65 F.2d 1001; General Motors Corp. v. Keener Motors, Inc., 6 Cir., 194 F.2d 669, or Green Bay Auto Distributors, Inc. v. Willys-Overland Motors, Inc., D.C.W.D.Ohio, 102 F.Supp. 151, affirmed 6 Cir., 202 F.2d 151. Those cases did not involve an alleged lack of good faith in the making of the contract, or as expressed in the Bushwick-Decatur Motors case, a lack of "an original intention to offer the agent a fair opportunity, without which the contract would obviously have been void for fraud in its inception." Upon counsel's opening statement, we do not know what the facts will prove to be. They may or may not be the same as those in each of the four cases hereinabove referred to. Counsel's opening statement implied more than was shown in those cases, in that he relied upon *both* a lack of good faith in the termination of the contract, and "bad faith on the part of the Ford Motor Company from the very inception of

this contract, * * * not entered into in good faith, not performed in good faith." In our opinion, these words are broad enough to bring the case within the ruling of J. E. Watkins Co. v. Rich, supra, even as analyzed and restricted by the opinion in Bushwick-Decatur Motors v. Ford Motor Co., supra. The plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's opening statement. To warrant the Court in directing a verdict for the defendant upon plaintiff's opening statement, "it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists." Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L.Ed. 882. Whether the evidence subsequently offered by appellant at the trial would have supported those allegations is an entirely different question. It is possible that it would have shown certain acts or course of conduct on the part of the appellee from which the required bad faith could be properly inferred, and so present a jury question. Brucker v. Manistee & G. R. R. Co., 166 Mich. 330, 336–337, 130 N.W. 822; Isbell v. Anderson Carriage Co., 170 Mich. 304, 315, 136 N.W. 457; Holton v. Monarch Motor Car Co., 202 Mich. 271, 274–275, 168 N.W. 539.

In making his ruling the trial judge stated that he had considered all material facts properly plead and statements properly made in accordance with the issues raised by the pleadings. The original complaint alleged that "the purported termination of the agreement was not made in good faith." The tendered amendment was not part of the pleadings, and the ruling dealt only with bad faith in terminating the agreement. The tendered amendment presented another issue, namely, lack of good faith in the execution of said agreement. If the amendment had been permitted, another issue would have been properly before the court, which, in accordance with the views hereinabove expressed, would have required the trial judge to have overruled appellee's motion for a directed verdict. Rule 15 of the Rules of Civil Pro-

cedure, 28 U.S.C.A., provides that leave to amend shall be freely given when justice so requires. The amendment was offered approximately two weeks before the trial. A copy of it had been furnished to opposing counsel approximately four months before it was tendered in an effort to get opposing counsel to agree to its filing. While it may have presented a new issue of law, it did not change in any material way the evidence which would be offered by the appellant, which had been fully developed at the first trial. We are of the opinion that the trial judge should have permitted the amendment to be filed. McDowall v. Orr Felt & Blanket Co., 6 Cir., 146 F.2d 136, 137.

■ Appellee's contention that the amendment was properly denied because it raised a new cause of action which was barred by the statute of limitations is not well taken. Blair v. Durham, 6 Cir., 134 F.2d 729; Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 580–581, 65 S.Ct. 421, 89 L.Ed. 465.

■ Appellee refers to our previous ruling on its appeal from the order of the District Court at the first trial overruling its motion for judgment notwithstanding the verdict, wherein we held that the order appealed from was not a final order and dismissed the appeal. In the opinion we pointed out that the order, although not appealable at that time, was nevertheless a reviewable one later on an appeal from a final judgment. Appellee urges a review of that order at the present time, in that a final judgment has now been entered from which the present appeal was properly taken. Our statement in that opinion was with reference to a final judgment that went against the appellee, from which it could appeal and obtain a review of all adverse rulings at the same time. The present appeal is not by the appellee and the judgment now appealed from is the only matter before us on this review.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.