Pearle Larene Taylor BEAUDOIN and Kay-
lynn May Diamanti Reeb, Appellants
(Defendants below),

Raymond L. Beaudoin, Appellant (Third-
Party Defendant below),

v.

May C. TAYLOR, Vincent A. Vehar, as
guardian of the Estate of May C. Taylor,
and James F. Taylor, as guardian of the
Estate of May C. Taylor, Appellees (De-
fendants below).

No. 3990.

Supreme Court of Wyoming.

Jan. 19, 1972.

Harry L. Harris, Evanston, for appel-
lants.

John D. Troughton, Kemmerer, for ap-
pellees.

Before McINTYRE, C. J., and PAR-
KER, McEWAN and GUTHRIE, JJ.

GUTHRIE, Justice.

The origin of this proceeding was a
complaint filed by LaVoy O. Taylor as
plaintiff, naming as defendants May C.
Taylor, Pearle Larene Taylor Beaudoin,
Vincent A. Vehar and James F. Taylor as
guardians of the estate of May C. Taylor,
and Kaylynn May Diamanti Reeb, which
sought a declaration that certain lands in
Lincoln County, Wyoming, were held in
trust for plaintiff, or that they be recon-
veyed to him and that the title be quieted
in him. It also sought the foreclosure of a
certain mortgage. Defendants Vehar and
James F. Taylor thereafter answered,
counterclaimed, cross-claimed, and by way
of a third-party complaint joined Raymond
L. Beaudoin and others no longer before
the court. As guardians they asserted title
to the lands described in this complaint to
be in their ward, May C. Taylor; by way
of counterclaim, cross-claim, and third-par-
ty complaint sought to quiet title to these
premises in May C. Taylor, their ward;
argued that certain instruments under

which appellants claimed some title or interest be cancelled and held null and void; and claimed damages for certain acts of these appellants. Third-party defendants Pearle Larene Taylor Beaudoin and Kaylynn May Diamanti Reeb answered by way of general denial to this counterclaim, cross-claim, and third-party complaint in which answer they were joined by Raymond L. Beaudoin.

This is a most summary statement of the pleadings herein only for the purpose of showing the relationship and position of the parties. The pleadings are most voluminous and to set them out in any detail would unnecessarily burden this opinion.

By the time of trial all parties herein except May C. Taylor, by and through her guardians, and Pearle Larene Taylor Beaudoin, Kaylynn May Diamanti Reeb, Raymond L. Beaudoin, and William Richard Taylor, Jr., as defendants and as third-party defendants, had either settled or compromised their claims or were in default. Defendant-appellee May C. Taylor, by and through her guardians, proceeded by way of counterclaim, cross-claim and third-party complaint against these remaining defendants. After a trial to a jury judgment was entered finding May C. Taylor to have been an incompetent since September 2, 1962, and setting aside and holding null and void certain declarations of trust and other instruments executed by May C. Taylor affecting title to these disputed premises and quieting the title to these lands in May C. Taylor. It is from that judgment that Pearle Larene Taylor Beaudoin, Kaylynn May Diamanti Reeb, and Raymond L. Beaudoin, third-party defendants, appeal. Because of the change in position of the original parties as above noticed, it will be more understandable to refer to these parties as they now appear in this court, i. e., as appellants and appellees, or by their names.

Appellants, by their brief, limit the scope of our consideration to the following, all being based upon a claim of error by the trial court in allowing the appellees herein to amend their pleadings:

"1. The granting of the motions constituted accident or surprise which ordinary prudence on appellants' part could not have guarded against.

"2. The granting of the motions was an abuse of discretion.

"3. The granting of the motions prejudiced appellants in forcing them to proceed to trial unprepared.

"4. The granting of the motions resulted in an unjustice [sic] to appellants.

"5. The granting of the motions in effect allowed the moving parties to set up a wholly new and distinct cause of action and to completely change the issues as formulated by the pleadings as of the time the trial commenced."

The allowance of the motion to amend the pleadings, the subject of this appeal, was made during the trial and after the examination of the first witness had begun. Appellees moved to amend their pleadings "to encompass the issues of incompetency, duress, fraud, undue influence and misrepresentation as those legal theories bear on the question of a person's ability to execute and deliver valid transfers of their property rights." Attorney for appellants resisted said motion, asserting surprise along with other grounds not now relied upon in this appeal. The trial judge granted this motion to amend, stating "I am not persuaded that there is surprise * * *." He noted the presence of a psychiatrist and other witnesses. The court directed that the amendment be made in writing, and this was done. LaVoy O. Taylor, an attorney appearing for his brother, William Richard Taylor, Jr., who was at that time still a party to the proceeding, at the same time moved to amend his pleadings in a similar manner and suggested if the amendment actually prejudiced the parties the court grant a continuance to allow appellants to meet this issue. Appellants' counsel did not ask for or seek a continuance as suggested. The only mention thereof was as above set out.

Although it tends to lengthen this opinion, it appears necessary for an understanding of this matter to set forth verbatim portions of the pleadings amended and note the amendments thereto. They are as follows:

"Defendants allege that said Declaration of Trust and Quit Claim Deed are totally false and fraudulent and that the execution of said documents *was not the free and knowledgeable act of May C. Taylor.*" (Emphasis supplied.)

This was amended by the addition of the following words at the end thereof: "she being at all times mentally incompetent."

"Defendants allege that the pretense of said documents and the placing of same on the official records of Lincoln County, Wyoming was to fraudulently create a lien upon and a claim against the property of May C. Taylor, even through [sic] Pearle Larene Taylor Reeb Beaudoin, Kaylynn Diamanti Reeb and Raymond L. Beaudoin knew and had notice *that May C. Taylor did not know the nature and consequences of the purported Declaration of Trust and Quit Claim Deed*, and even though said persons knew that the same were totally false and fraudulent." (Emphasis supplied.)

This was amended by the insertion of the following words between the words "Quit Claim Deed" and the words "and even": "May Taylor being at all times mentally incompetent."

"Defendants allege that said documents are totally false and fraudulent, that *May C. Taylor did not know or understand the nature of her acts* and was not advised or represented by her Attorney Vincent A. Vehar, Esq., and that *the execution of said documents was not the free and knowledgeable act of May C. Taylor.*" (Emphasis supplied.)

This was amended in the following manner: Beginning after the words "nature of her acts" the insertion of the words "she being at all times incompetent"; and further by the addition of the words "she being incompetent" placed at the end of said paragraph.

"Defendants allege that the pretense of said documents and the placing of same in the official records of Lincoln County was to fraudulently create a lien upon and a claim against the property of May C. Taylor, and to defraud her thereof, the said Pearle Larene Taylor Reeb Beaudoin, Kaylynn May Diamanti Reeb and Raymond L. Beaudoin then and there well knowing *that May C. Taylor did not know the nature and consequences of the purported Declaration of Trust and Quit Claim Deed*, and that said documents were totally false and fraudulent." (Emphasis supplied.)

This was amended by the insertion of the words "she being mentally incompetent" immediately after the words "Quit Claim Deed." In addition there was added an "EIGHTH COUNTER CLAIM, THIRD CROSS CLAIM AND SEVENTH THIRD PARTY COMPLAINT" and an "ELEVENTH COUNTER CLAIM, SIXTH CROSS CLAIM AND TENTH THIRD PARTY COMPLAINT," which pleaded specifically the words "mentally incompetent."

In considering a matter of this character, although it seems almost trite to repeat, amendments of pleadings should be freely and liberally allowed in the interest of justice.[1]

Appellants' first contention, being that of surprise which could not have been avoided by ordinary prudence, must be considered in the light of the pleadings heretofore above set out and the factual situation. The general import of these allegations therein contained, that Mrs. Taylor had performed acts and executed instruments which were not her free and knowledgeable acts and that she did not know or un-

1. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222; 3 Moore's Federal Practice, §§ 15.02, 15.08, and 15.10 (2d Ed.); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1473, p. 375, et seq.

derstand the nature or consequences of her acts, should have given rise to some speculation on the part of the appellants that May C. Taylor's mental competence was questioned. If appellants chose to ignore these warnings without resort to discovery and pretrial when both were available, the ordinary prudence and diligence exercised would appear to be in question.

Our statutes define a "mentally incompetent person" as follows:

" * * * shall mean an individual who is unable, unassisted, to properly manage and take care of * * * his property * * * as the result of mental illness, mental deficiency or mental retardation * * *." Section 3–29.1, W.S.1957, 1971 Cum.Supp.

An examination of the case law would reveal that it has been held a person is mentally incompetent if he does not comprehend the nature, terms, or effect of a particular transaction.[2]

May C. Taylor, having alleged the performance of acts not made freely or knowledgeably and acts which she did not know the nature or consequences of, would come into the definition set out in the cited cases. Proper management of property certainly must comprehend that the owner know these things alleged and that her acts be "free and knowledgeable" with realization of the consequences.

Appellants vigorously contend that the issues were and are formulated by the pleadings herein. This court has heretofore mentioned that the purpose of pleadings is simply that of general notice and that the issues should be formulated by deposition-discovery processes and pretrial hearings.[3]

Although it was prior to the institution of this proceeding, appellant, Pearle Larene Taylor Beaudoin, on November 1, 2, or 3, 1968, became aware that her mother, May C. Taylor, had been the subject of a psychiatric examination. Upon the suggestion of Mrs. Taylor she arranged for an examination by another doctor of her own choosing and this appellant made arrangements for such examination at the Palo Alto Clinic by Dr. J. E. Heenan, Chief Psychologist. On November 22, 1968, Dr. Heenan conducted such examination and an edited version of his report was offered and received in evidence. An excerpt from this exhibit indicates this appellant was aware, at least prior to the filing of this proceeding, that these parties were raising a question of her mother's competency:

"This 78 year old woman was referred by her daughter for psychological evaluation because she was concerned about Mrs. Taylor's general emotional condition and because apparently there are some legal matters revolving around her will and her estate *in which her competence is being questioned*." (Emphasis supplied.)

■ In light of the foregoing expression it is not the opinion of this court that the appellants can now successfully contend either actual surprise or that the same might not have been averted by ordinary prudence and diligence. It may well be inferred that counsel for appellees moved to amend, as hereinbefore set out, and that the trial court allowed the same only as a cautionary matter.

Appellants' fifth contention will be next considered because of its interrelationship with the preceding and because a great deal of what is said in connection therewith is applicable to both contentions. The contention and argument directed thereto exemplify the danger to clear and critical thinking when judges, legal writers, and lawyers seek to make synonymous the concept of "cause of action" derived from code pleading practice and a "claim for relief" as contemplated under rules of civil

---

2. Tecklenburg v. Washington Gas & Electric Co., 40 Wash.2d 141, 241 P.2d 1172, 1174; Edge v. Duncan Mills, 202 S.C. 189, 24 S.E.2d 268, 271.

3. Watts v. Holmes, Wyo., 386 P.2d 718, 719; also 6 Wright & Miller, Federal Practice and Procedure: Civil § 1471, p. 360, n. 23.

procedure. The numerous distinctions and different concepts encompassed in these phrases could well be the subject of a legal-journal article but have no place in an opinion such as this.

■ We merely observe it does not serve the spirit, philosophy, and purpose of the civil rules to adhere to the cause of action concept. This has been the subject of several interesting comments in both opinions and texts.[4] A great many courts deny there is any basis for the denial of an amendment upon the theory that it adds a new claim or cause if it arises from the same transaction or occurrence.[5] Other courts, while still talking in terms of forbidding amendments if the amendment contains a new cause of action, are most ingenious in avoiding adherence thereto by determining that the amendment is merely an amplification or clarification of the original pleading. The Supreme Court of the United States, in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, set out what appears to be the proper test as to what the trial court should consider when an amendment is proffered as follows:

> "\* \* \* If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' \* \* \*"

■ The basic guideline in this case, however, seems to be, Will it prejudice the adverse party?[6] It may be fairly stated that this prejudice must be actual and demonstrable. In the absence of any showing in the record that appellants were prejudiced and that they would have been able to meet the same in any other manner, we are of the opinion there is no basis for a finding of error based upon this contention.

■ The apparent answer to both these contentions is that although appellants stated their intention to move for continuance they proceeded with this trial without making such motion. Certainly such conduct must be considered a waiver of any objection, as has been expressed in the case of Voltmann v. United Fruit Co., 2 Cir., 147 F.2d 514, 516, in referring to an amendment made during trial.

> "\* \* \* The amendment was well within the letter and spirit of Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, *and if the plaintiffs were really surprised and put to some disadvantage greater than the expenditure of time and effort to get additional procurable evidence at that time their attorney should have requested a postponement of the trial in order to prepare his case properly.*" (Emphasis supplied.)

To hold otherwise is to allow these appellants to speculate on a possible success in

4. 3 Moore's Federal Practice, § 15.08, p. 876, et seq. (2d Ed.).

5. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, rehearing' denied 320 U.S. 809, 64 S.Ct. 27, 88 L.Ed. 489; Busam Motor Sales v. Ford Motor Co., 6 Cir., 203 F.2d 469, 473; Farrell v. Hollingsworth, D.C.S.C., 43 F.R.D. 362, 363; Cunningham v. Jaffe, D.C.S.C., 37 F.R.D. 431, 434–435; Kuhn v. Pacific Mut. Life Ins. Co. of California, D.C.N.Y., 37 F.Supp. 102,

105; Biedler v. Hurst, D.C.Pa., 22 F.R.D. 333, 334.

6. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, rehearing denied 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552; Ricciuti v. Voltare Tubes, Inc., 2 Cir., 277 F.2d 809, 814; United States v. 47 Bottles, More or Less, Jenasol RJ Formula, 3 Cir., 320 F.2d 564, 573, certiorari denied Schere v. United States, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313.

the original proceeding while still reserving unto themselves a claim of prejudice and a possible retrial of this matter.

In light of the above we find no reason for discussion of contentions of appellants labeled 2, 3, and 4.

It is clear from what has been said that this matter would not be here and that these questions could not possibly have arisen had either counsel requested a pretrial conference or had the trial court required a pretrial conference at which the issues could have been defined and simplified, and it is further apparent that said pretrial conference would have revealed that this was an equitable matter with no right to a jury trial in either party and that the function of the jury could only have been advisory at best.

The judgment must be affirmed.

Affirmed.