**Melvin S. BREAZEALE, Appellant (Plaintiff below),**

v.

**Duschan T. RADICH, Appellee (Defendant below).**

**No. 4073.**

Supreme Court of Wyoming.

Aug. 15, 1972.

Robert W. Costin, Laramie, for appellant.

Peter J. Mulvaney, of Guy, Williams, White & Mulvaney, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

PER CURIAM.

Melvin S. Breazeale brought an action against Duschan T. Radich for damages resulting from an alleged assault and battery. After the case had been set for pretrial, the defendant moved for leave to file an amended answer which would plead the statute of limitations as an affirmative defense. Argument was heard on the motion and leave was granted for the defendant to amend his answer as requested.

Finding the statute of limitations had run, the trial court gave judgment for the defendant on the pleadings. The plaintiff appeals. In so doing, he concedes the statute of limitations had run and states the sole issue is whether the district court erred in allowing the defendant to file an amended answer raising the statute of limitations as a defense.

Inasmuch as defendant did not amend his answer within 20 days after it was served, he cannot and does not claim the right to amend as a matter of course. However, we interpret Rule 15(a), W.R. C.P., as allowing amendments to pleadings when the trial court in the proper exercise of its sound discretion finds that justice so requires and grants leave therefor.

This being our interpretation of the applicable rule, citation of authority is not necessary. We will say, we find no abuse of discretion in this case; and we need not delineate when an amendment may or may not be allowed because the grant or denial of leave to amend is within the discretion of the trial court. The matter is subject to reversal on appeal only for an abuse of that discretion.

Affirmed.