Francis E. ROSE, Appellant
(Plaintiff below),

v.

Patricia K. ROSE, Appellee
(Defendant below).

No. 4810.

Supreme Court of Wyoming.

March 23, 1978.

Ernest W. Halle, Cheyenne, signed the brief and appeared in oral argument on behalf of the appellant.

Philip P. Whynott, DeHerrera & Whynott, Cheyenne, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

By his appeal herein, appellant-plaintiff[1] challenges an order of the Laramie County District Court awarding to appellee-defendant, in conjunction with a grant of custody, child support payments in the amount of $75.00 per month. Plaintiff asserts that inasmuch as a request for child support was not originally pleaded in his divorced wife's petition requesting a change

in child custody, he was not prepared to defend such a claim, and the district court's allowance of an amendment to conform pleadings to the evidence on support was in error. Rule 15(b) W.R.C.P. Plaintiff's point is not well taken. The decision to allow amendment to pleadings is vested within the sound discretion of the district court, when justice requires, and therefore subject to reversal on appeal only for an abuse of that discretion. *Breazeale v. Radich*, Wyo.1972, 500 P.2d 74. In determining the propriety of an amendment subject to this standard of review, the basic guideline to be followed is whether or not the allowance of the amendment prejudiced the adverse party. *Beaudoin v. Taylor*, Wyo. 1972, 492 P.2d 966.

Under the facts before us, not only has plaintiff totally failed to point out specifically how he was prejudiced, we fail to see how such a showing could be made. At the hearing, plaintiff was questioned by defendant's counsel, without objection, rather extensively relative to his earning capabilities and abilities. It was only when counsel for defendant began to examine the defendant, regarding a need for child support, that respondent objected and requested a continuance rather than allow the pleadings to be amended. How, under these circumstances, plaintiff could have been prejudiced by the pleadings amendment he has not made clear, leaving the presence of prejudice open to speculation and guess, something this court will not do. We note from the record that a child of the marriage, the subject of this litigation, Daniel James Rose, age 14, was separately represented by his own counsel. The child's counsel participated very little, his only concern being that the welfare of the child would not be neglected. The child had been placed in his interest in a foster home pending the outcome of the custody and support hearing.

---

1. 'The divorced husband is designated as plaintiff in the title of the case, first filed in 1973, at which time he was granted in his favor a default decree, based upon an "Answer and Waiver of Notice of Hearing," and "Agreement," at which time he was given custody of the children. The record discloses continuing difficulty over visitation.

■ At the time of the hearing on November 16, 1976, and entry of the district court's order on January 20, 1977, there was in effect, § 20–61, W.S.1957:[2]

"The court, in granting a divorce, and also upon pronouncing a decree of nullity of a marriage, may make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; *and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of such children, as the circumstances of the parents and the benefit of the children shall require.*" (Emphasis added.)

In construing that section, this court in *Strahan v. Strahan*, Wyo.1965, 400 P.2d 542, aligned it with Rule 15(b) and held that the issue of modification under some circumstances may be "treated in all respects"[3] as if requested or petitioned for by a parent. In *Strahan*, there was no petition for modification of any sort filed, only an application by the wife to punish the husband for contempt. Because of changed circumstances, the trial judge proceeded to alter the decree by reducing child support and changing the arrangement for custody. The obligation of support bestowed by § 20–61 (now § 20–2–113(a), W.S.1977); impliedly becomes a part of every divorce decree involving the welfare of the children of a marriage and the trial court has a continuing jurisdiction to modify. In *Strahan,* this court spoke approvingly of procedures whereby a court may, on its own motion, modify the decree if the welfare of children of the marriage requires it.[4] Once the parties are before the court, there would seem to be a needless circuity of action to send them away only to have them back under another procedure. The controlling question is the welfare of the children, *Stirrett v. Stirrett*, 1926, 35 Wyo. 206, 248 P. 1. The obligation of support is a continuing one. *Redman v. Redman*, Wyo. 1974, 521 P.2d 584.

We cannot see where, under the circumstances, the trial judge abused his discretion and counsel before this court did not contend that $75.00 per month for the support of the child was unreasonable. Plaintiff fails to show where the result would have been any different, even if support had been mentioned in the original petition by defendant for custody of Daniel.

■ Upon a hearing for change of custody, the trial court is obliged to consider all its aspects and make provision for adequate support. Custody implies a consideration of the obligation of support. The two-custody and provision for support are inseparable. It has long been the rule of this court that custody and child support rest largely within the discretion of the court and its decision in that regard will not be disturbed except for grave abuse or violation of some legal principle. *Chorney v. Chorney,* Wyo.1963, 383 P.2d 859. Plaintiff

---

2. Title 20, W.S.1957, was revised and renumbered by Chapter 152, Session Laws of Wyoming, 1977. Section 20–61 now appears in substance as § 20–2–113(a), W.S.1977.

3. Rule 15(b), W.R.C.P., provides:

"When issues not raised by the pleadings are tried by express or *implied consent* of the parties, they shall be *treated in all respects* as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the actions will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such amendment." (Emphasis added.)

4. See also *Wade v. Wade*, Okl.1977, 570 P.2d 337, where the court considered it an abuse of discretion to not provide for the support of children. In *State v. Wood*, 1977, 89 Wash.2d 97, 569 P.2d 1148, it was said that support is a basic obligation of a parent recognized even in the absence of a statute.

makes no such showing; there was no error.

Affirmed and remanded for a determination of accrued support due the defendant in that the record discloses that the child is back with his father, the plaintiff.