608 P.2d 1299 (1980)
Carl A. JOHNSON, as his interest may appear, Appellant (Plaintiff),
v.
AETNA CASUALTY & SURETY CO. OF HARTFORD, CONN. 06115, and Richard G. Burk, Resident Claim Rep., 1616 Warren Ave., Cheyenne, Wyoming, Richard L. Bader, 214 E. 17th St., Cheyenne, Wyoming, and Unknowns Obstructing Justice, Appellees (Defendants).
No. 5223.
Supreme Court of Wyoming.
April 1, 1980.
Rehearing Denied April 21, 1980.
*1301 Carl Johnson, pro se.
Richard P. Boley, Lathrop & Uchner, P.C., Cheyenne, for appellee Aetna Cas. & Sur. Co. of Hartford, Conn.
Donald J. Sullivan, Sullivan, Van Court & Ahlstrom, P.C., Cheyenne, for appellee Bader.
Before RAPER, C.J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.
McCLINTOCK, Justice.
Appellant seeks review of a district court order dismissing with prejudice his separate causes of action against an insurance company and a claims adjuster for failure to pay an insurance claim on real property. The questions presented by this appeal are:
(1) Whether the complaint as to each defendant fails to state a claim upon which relief can be granted as required by Rules 12(b)(6) and 9(b), W.R.C.P.
(2) Whether the cause of action against the company fails to allege the necessary conditions precedent for recovery under an insurance policy as required by Rule 9(c), W.R.C.P.
(3) Whether appellant has failed to join necessary parties as required by Rule 19, W.R.C.P.
We find that the district court erred in dismissing the complaint with prejudice and remand the case for further proceedings.
Appellant (Carl A. Johnson), Vincent J. Siren and Anne Marie Siren Levig were named plaintiffs in the original complaint, and appellee (Aetna Casualty & Surety Company of Hartford, Connecticut) and Richard G. Burk were named defendants. Appellant, acting pro se, alleged in his original complaint that four houses and outbuildings owned by him, his nephew (Vincent J. Siren) and his niece (Anne Marie Siren Levig) were damaged by a hail storm on June 16, 1977. He further alleged that this property was insured by appellee Aetna and even though appellant complied with all of the insurance policy requirements Aetna refused to pay for the hail damage and "threatened to cancel" the insurance policy. The case was set for trial and on the day of trial the district court judge granted Aetna's motion to strike the complaint on the grounds that Vincent J. Siren and Anne Marie Siren Levig did not sign the complaint nor were they represented by an attorney, and, furthermore, because appellant is not a member of the bar he could not represent these parties. Appellant was given ten days to amend his complaint. The order sustaining the motion to strike did not state that the complaint failed to state a claim for which relief could be granted, that Johnson had failed to allege necessary conditions precedent to recovery under the insurance policy, or that Vincent J. Siren and Anne Marie Siren Levig were necessary parties to the action.
Johnson timely filed an amended complaint naming only himself as plaintiff in compliance with the district court's order. The amended complaint did, however, add a new defendant, Richard L. Bader, an insurance adjuster and appellee in the case at bar. The original defendants moved to dismiss the amended complaint because of a failure to join indispensable parties as required by Rule 19, and for failure to state a claim upon which relief can be granted. A hearing was held on the motion to dismiss and after the hearing the district court dismissed the complaint with prejudice as to defendant Richard G. Burk and reserved ruling on the motion as to Aetna. The dismissal with prejudice as to Burk was not *1302 appealed. The district court held another hearing and at that time dismissed the entire amended complaint, pursuant to Rules 12(b)6 and 12(b)7, W.R.C.P. Johnson was given an additional ten days to amend his complaint.
After Johnson timely filed his second amended complaint Aetna and Bader once again moved to dismiss the complaint. Aetna alleged that Johnson failed to join necessary parties as required by Rule 19 and Bader alleged among other things that the second amended complaint failed to state a claim upon which relief can be granted. After a hearing the district court dismissed the complaint with prejudice.
The first question that we must address is whether the district court correctly dismissed this last complaint for failure to state a claim upon which relief can be granted. This court will only sustain such a dismissal if the complaint on its face shows that the plaintiff is not entitled to relief. A complaint is not subject to dismissal unless there is no doubt that the plaintiff cannot prove any set of facts that would entitle him to relief. State Highway Commission v. Bourne, Wyo., 425 P.2d 59, 63 (1967). Wyoming Rules of Civil Procedure are based upon the theory of notice pleading. Rule 8(a)(1), W.R.C.P. The plaintiff need only plead the operative facts involved in the litigation so as to give fair notice of the claim to the defendant. Harris v. Grizzle, Wyo., 599 P.2d 580, 583 (1979). And, as we have stated before, pleadings must be liberally construed in order to do justice to the parties and motions to dismiss must be sparingly granted. Harris, supra, 599 P.2d at 583; Bourne, supra, 425 P.2d at 63.
With these standards in mind, we find that appellant's second amended complaint as to the claim against Aetna is sufficient to withstand a Rule 12(b)(6) motion. Appellant alleges in his complaint that he owns the property that was damaged by the hail storm, that the property was insured against loss by Aetna, and that he complied with the insurance policy requirements. He further alleges that Aetna breached the insurance contract when the company refused to pay the claim made by Johnson for the hail damage.
The more difficult question is whether Johnson's complaint is sufficient to withstand a Rule 12(b)(6) motion as to the claim against appellee Bader. To begin with, Bader's motion to dismiss simply alleges that the complaint fails to state a basis or claim for which relief can be granted. And the order dismissing the complaint against Bader with prejudice likewise does not specify why the second amended complaint is deficient. However, after reviewing the second amended complaint we have concluded that the complaint is deficient in that it fails to comply with the requirements of Rule 9(b). Johnson alleges that Bader failed to make an honest inspection of his property. Count One of the complaint against Bader alleges that Johnson is entitled to punitive damages
"... from defendant Bader for fraud deceit and willful reckless disregard of the plaintiff's rights for a fair, honest and independent inspection. Bader worked diligently for his master, Aetna."
While we have just discussed the minimal requirements of notice pleading under Rules 8(a)(1) and 12(b)(6), W.R.C.P., these rules are counterbalanced by Rule 9(b). Goldberg v. Baker, N.Y.D.C., 442 F. Supp. 659, 668 (1977). Rule 9(b) requires that
"[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."
The mere allegation of fraud in the complaint at bar is not sufficient because Rule 9(b) requires particularity as to fraudulent acts in order to inform the opposing party of the act that constitutes the claim. In order to comply with the requirement of Rule 9(b) a complaint must allege the circumstances that constitute the alleged fraud. As stated in Wright & Miller, Federal Practice and Procedure: § 1297:
"... the reference to `circumstances' is to matters such as the time, place, *1303 and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby. It is the pleading of these matters with precision that serves the rule's purpose by apprising defendant of the claim against him and of the acts relied upon as constituting the fraud charged. A pleading that simply avers the technical elements of fraud does not have sufficient informational content to satisfy the rule's requirement."
Having determined that appellant does not allege the "circumstances" of the alleged fraudulent act, we find that this portion of the complaint does not meet the requirements of Rule 9(b) and we must now consider whether the district court properly dismissed the complaint against Bader with prejudice.
Courts have varied in their approach when a pleading does not meet the requirements of Rule 9(b). Frequently courts have treated a Rule 12(b)(6) motion as a motion for a more definite statement when the pleading fails to comply with Rule 9(b). 2A Moore's Federal Practice ¶ 9.03. In Freedman v. Philadelphia Terminals Auction Co., D.C.E.D.Pa., 145 F. Supp. 820, 824 (1956), the court found that the complaint did not allege what misrepresentations plaintiffs were relying upon in alleging fraud. The court chose to treat the motion to dismiss as a motion for a more definite statement under Rule 12(e), F.R.C.P., and held that the defective count would be stricken unless the plaintiffs amended it in a manner so as to comply with Rule 9(b), F.R.C.P. Other courts have taken stricter views, dismissing the complaint or striking the defective count; however, these courts almost universally have done so with leave to amend. 2A Moore's Federal Practice ¶ 9.03. In Barry v. St. Paul Fire & Marine Ins. Co., 1 Cir., 555 F.2d 3, 13 (1977), the district court judge found that the complaint failed to state the circumstances constituting fraud, and therefore did not meet the requirements of Rule 9(b). The lower court dismissed the count without prejudice. In affirming the district court's finding the appellate court stated:
"The judge was correct; the complaint could hardly be more vague. While the judge might have ordered a more definite statement, it was within his power to grant a dismissal without prejudice. If the plaintiffs can plead fraud with more particularity, they may file an amended complaint."
"An insufficient allegation of fraud or mistake is subject to the liberal amendment provisions of Rule 15." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1300. Rule 15(a), W.R.C.P. provides that "leave [to amend] shall be freely given when justice so requires," and it also provides a procedural framework for amendments. Unless the proposed amendment to the pleading will unduly prejudice the opposing party, has not been offered in good faith, or the party seeking to amend has had repeated opportunities to cure the defect, leave to amend should be liberally granted. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This test was cited with approval by this court in Beaudoin v. Taylor, Wyo., 492 P.2d 966, 970 (1972). Furthermore,
"[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, supra, 371 U.S. at 182, 83 S.Ct. at 230 (quoted in Beaudoin, supra, 492 P.2d at 970).
We have consistently held that
"[t]he decision to allow amendment to pleadings is vested within the sound discretion of the district court ... and therefore subject to reversal on appeal only for an abuse of that discretion." Rose v. Rose, Wyo., 576 P.2d 458, 459 (1978).
Breazeale v. Radich, Wyo., 500 P.2d 74 (1972); Beaudoin, supra, 492 P.2d at 970.
In Rose, supra, 576 P.2d at 459, Breazeale, supra, 500 P.2d at 74, and Beaudoin, supra, 492 P.2d at 970, we held that the trial judge did not abuse his discretion in allowing an amendment because there was no prejudice to the other party. In the *1304 case at bar we find that allowing appellant to amend his pleadings will not prejudice appellee Bader. In addition, the claim against Bader was offered in good faith, and appellant has not been given repeated opportunities to comply with the requirements of Rule 9(b). Furthermore, the dismissal with prejudice will prejudice appellant because his case has not been decided on the merits, thus defeating the purpose of Rule 15.
While we find that the allegation of fraud does not meet the requirements of Rule 9(b) and that it was within the sound discretion of the district court to dismiss this count, we find that it was an abuse of discretion for the district court judge to dismiss the cause of action with prejudice. We therefore partially reverse the lower court's order and dismiss Count One of the complaint against Bader without prejudice. If Johnson amends his complaint specifying the "circumstances" of the alleged fraud as required by Rule 9(b), he may proceed against appellee Bader. If the second amended complaint is not so amended within the time period provided for by the district court, the cause of action against Bader should then be dismissed with prejudice.
The second question that we must address is whether the complaint fails because it does not allege a condition precedent as required by Rule 9(c), W.R.C.P. Rule 9(c) requires that
"[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."
In the second amended complaint appellant alleges that "[a]t all times Carl A. Johnson has properly cared for the property, paid the premiums and done everything reasonably required of an insured." Aetna contends that because Johnson alleged that he paid the premiums he is required specifically to allege all other conditions precedent to the insurance contract.
While we recognize that some courts have held that if a party undertakes to plead specifically the conditions precedent, the pleadings will fail if all conditions precedent are not specifically pleaded, Wright & Miller, Federal Practice and Procedure: § 1303, we do not agree that in the case at bar Johnson specifically pleaded any of the conditions precedent. Johnson generally averred that he paid the insurance premiums and that he complied with all other requirements under the insurance contract. While it may be better practice to use the exact wording of the rules in pleadings, a pleader is not required to state "that all conditions precedent have been performed or have occurred" to comply with the requirements of Rule 9(c), W.R.C.P. As we recently stated in Harris v. Grizzle, supra, 599 P.2d at 583, "pleadings are to be construed liberally so as to do substantial justice."
Furthermore, the purpose of Rule 9(c) is to prevent dismissals of meritorious cases if the plaintiff fails specifically to plead occurrence of conditions precedent. As pointed out in Wright & Miller, Federal Practice and Procedure: Civil § 1302,
"Rule 9(c) is designed to eliminate the detailed and largely unnecessary averments that resulted under the common law procedure, and to prevent nonmeritorious dismissals for failure to plead the fulfillment of conditions precedent that are not at issue in the suit. With the advent of complex commercial and insurance contracts, the burden imposed by the common law rule and the risk of technical default became sufficiently heavy to outweigh the minimal information value provided by an enumeration of the conditions precedent that had been complied with by the pleader."
For these reasons we find that the complaint in question complies with the requirements of Rule 9(c).
The final question is whether the complaint was properly dismissed for failure to join indispensable parties as required by Rule 19, W.R.C.P. This court has long recognized the traditional definition of an indispensable party.

*1305 "... [A]n indispensable party is one without whose presence before the court a final decree could not be made without either affecting his interest or leaving the controversy in such a condition that its final determination might be wholly inconsistent with equity and good conscience." Oxley v. Mine and Smelter Supply Co., Wyo., 439 P.2d 661, 663 (1968).
In the original complaint the named plaintiffs were appellant, Vincent J. Siren and Anne Marie Siren Levig, and plaintiffs alleged that Aetna breached its insurance contract with them when it refused to pay for hail damage to four houses and outbuildings covered by the policy. The record reflects that Aetna issued one insurance policy insuring these four houses, and the named insureds on the policy are "CARL A. JOHNSON, VINCENT J & ANNE MARIE SIREN AS THEIR INTERESTS MAY APPEAR." The second amended complaint, the complaint that is the subject of this appeal, names only appellant as plaintiff and he is seeking recovery for breach of the insurance contract for failure to pay a claim made on property solely owned by him.
Apparently the district court was concerned with the fact that the insurance policy covered four houses and that there were three named insureds; however, we find the phrase "as their interests may appear" to be controlling. Because appellant is only seeking recovery for hail damage to the house that he owns, we see no need to join the other named insureds in the present suit. They are not indispensable parties to the present suit because their rights under the insurance policy for the houses that they own will not be altered by the present suit.
We reverse the district court order and remand for further proceedings.