## STIRRETT v. STIRRETT*

(No. 1323; July 27, 1926; 248 Pac. 1.)

DIVORCE—CUSTODY OF CHILDREN—BURDEN OF PROOF—ABUSE OF DIS-
  CRETION—WELFARE OF CHILDREN.

1. District court *held* to have jurisdiction to grant divorced
   wife permission to take children, who were in custody of
   husband, out of state for visit.
2. District court's decision amending order relative to custody
   of children will not be disturbed on appeal, in absence of
   abuse of discretion or violation of some legal principle.

3.  Order amending order relative to custody of children of divorced parents, though appealable as final order, does not conclude further hearing on question of custody.

4.  Where parties to divorce suit made written agreement as to custody of children, burden is on applicant to show cause for its modification.

5.  Order granting divorced wife permission to remove children, who were in custody of husband, from his home for visit on receiving court's permission *held* to confer power, without further application, to condition permission to provide for contingencies.

6.  Order allowing wife to remove children, who were in custody of husband, from his home for visit on receiving court's permission *held* not abuse of discretion.

7.  Controlling question in awarding custody of children is their welfare, but rights of parents must be considered if not conflicting with such welfare.

*See Headnotes:   (1) 19 C. J. p. 348 n. 80.   (2) 19 C J p. 361 n. 33, 36.   (3) 19 C J p. 349 n. 22.   (4) 19 C J p. 350 n. 38.   (5) 19 C J p. 348 n. 83.   (6) 19 C J p. 348 n. 85.   (7) 19 C J p. 343 n. 10.

ERROR to District Court, Natrona County; BRYANT S. CROMER, Judge.

Action by A. E. Stirrett against Edith M. Stirrett for a decree of divorce. The court overruled plaintiff's motion for a new trial after judgment and decree on petition by plaintiff for modification of previous judgment and decree relative to custody of minor children, and plaintiff brings error. See page 1. this volume and 248 Pac. 1.

*Hagens* and *Murane,* for plaintiff in error.

The best interest of the child is the controlling consideration in the determination of the question of its custody; Linch v. Harden, 26 Wyo. 51; Jones v. Bowman, 31 Wyo. 79; Harris v. Muir, 24 Wyo. 213; State v. Court, 195 Pac. 549. Failure of the lower court to restrain defendant from removing the children from the State, deprives the court of authority to enforce its own decree with reference to the custody of the children; Kline v. Kline, (Ia.) 42 Am. Rep. 49; Seeley v. Seeley, 12 Ann. Cases 1058. It

is for the best interest of the children that they have but one home and one custodian; Dummitt v. Dummitt, (Mo.) 150 S. W. 1108; Towles v. Towles, (Ky.) 195 S. W. 437. The silence of the record, as to what defendant has done for the children, is self-evident of her lack of devotion and appreciation of her duties as such mother; the decree denying injunction should be reversed. Findings of the court below cannot be set aside unless manifestly against the weight of the evidence, but the question of the custody of children is governed by a different rule: Stafford v. Stafford, (Ill.) 132 N. E. 452; State v. Giroux, (Mont.) 47 Pac. 802. The Colorado court might undertake to modify the decree as to custody of children and necessitate a defense in that state; hence the right of removal depends upon the laws of this state; Aldridge v. Aldridge, (Minn.) 204 N. W. 325; Ex Parte Ashley, (Ore.) 231 Pac. 153; State v. Court, (Mont.) 195 Pac. 549. The facts present a proper case for the intervention of this court; In re Weston, (Mont.) 72 Pac. 512; Wald v. Wald, (Mo.) 151 S. W. 788. The children are the wards of the Wyoming court; a decree awarding custody of a child in the courts of one state is not binding upon the courts of another state; Griffin v. Griffin, (Ore.) 187 Pac. 601.

*John Dillon* and *W. L. Walls* for defendant in error.

It was the province of the court below to settle the question of custody; 29 Cyc. 1605; Mylius v. Cargill, 142 Pac. 919; 2 Bishop on Marriage and Divorce, 1189; Geary v. Geary, 20 A. L. R. 815; State v. Court, 128 Pac. 593. The welfare of the children is the determining question with respect to their custody; 29 Cyc. 1600. Ordinarily a parent will not be refused the custody of his child because he intends to take it to another state; Schouler, Vol. 2, 6th Ed., 1879; but removal may be forbidden; In re Krauthoff, 177 S. W. 1125; ordinarily removal will not be denied, if in the interest of the child; Ex Parte Davidge, 51 S. E. 269; Weatherton v. Taylor, 187 S. W. 450; Deringer v.

Deringer, 10 Phila. 190; Parrish v. Parrish, 1915 L. R. A. 576. The District Judge had full power to make an order to remove the children from the state, depositing security for their return to plaintiff at stated periods.

POTTER, Chief Justice.

This is a proceeding in error complaining of a judgment and decree of the district court for Natrona County, made and entered at the conclusion of a hearing upon a petition by the plaintiff in error, plaintiff below, for the modification of a previous judgment and decree in the cause brought by the said plaintiff against the defendant for a divorce and the custody of the minor children, in so far as the said judgment denied the application of said plaintiff for the absolute control and custody of the children, subject only to the right of said defendant to visit them in plaintiff's home at all reasonable times, and that she be restrained from taking the children or assuming custody of them for any time whatever until the further order of the court. It appears that the original judgment granting the divorce also disposed of the question of alimony and of the custody of the children in accordance with the terms of a written contract entered into by and between the parties and filed in the action; that judgment having been rendered on the 29th day of June, 1921. The error assigned in the petition in error is that the court erred in overruling the plaintiff's motion for a new trial upon said petition and application for modification.

It appears that the original judgment in the cause, following a trial at which evidence was taken, wholly dissolved the bonds of matrimony existing between the parties, A. E. Stirrett and Edith M. Stirrett; that the custody of the infant children of the parties, Donald E. Stirrett and Robert McPherson Stirrett, was awarded to the plaintiff, A. E. Stirrett, for nine months of each year, "or during what is commonly known as the school year" and for the remaining three months of the year to the defendant,

Edith M. Stirrett. As filed and entered with said judgment, there appears in the record a copy of the contract above referred to, which contains the following, among other things:

"Whereas, first party has brought action for divorce from second party, and it is considered advisable that questions concerning property, alimony, and custody of the children of the parties, can best be settled and agreed upon out of court, Therefore  *  *  *  the parties hereto agree: 1. In case first party shall prevail in his suit for a divorce and a decree therefor be entered, the said decree may, among other things, provide (a) That A. E. Stirrett may and shall have custody of the two minor children (naming them) during nine months of each year, or during what is called and commonly known as the school year. (b) That Edith M. Stirrett shall have care and custody of said minor children during the remaining three months of each year."

That appears to have been signed by the parties. It is recited in the judgment here complained of, which appears to have been dated June 18, and filed on June 20, 1925, and probably also entered upon that date, as facts shown upon the hearing upon said application which may be recited here, but without quoting: And it appearing that the plaintiff has re-married, and that the defendant has also remarried, which said marriage of the defendant occurred upon the 10th day of April, 1924, she then becoming and now is the wife of one Harry Liebhardt. And it appearing that the plaintiff has complied with all and singular the terms, provisions and requirements of the said decree heretofore entered and the said contract hereinbefore referred to, and that the status of the defendant, by reason of her marriage, has been changed so that said contract has become executed and is no longer binding and operative in certain particulars (as to alimony and

property.)   It then declares:   Now, therefore, it is ordered, adjudged and decreed that the said decree made and entered upon the 29th day of June, 1921, be and the same is hereby modified in the following particulars:   (c) That paragraph numbered 2 of said decree, wherein it is provided ''that the custody of the infant children of the parties (naming them) be and is hereby awarded to the plaintiff A. E. Stirrett for nine months of each year, or during what is commonly known as the school year, and for the remaining three months of the year is hereby awarded to the defendant Edith M. Stirrett'' be and the same is hereby modified as follows:

That the custody of said infant children of the parties ''be, and the same is hereby awarded to the plaintiff, A. E. Stirrett, for twelve months out of each year, until the further order of this court, provided, however, that the defendant, Edith M. Stirrett, now Edith M. Liebhardt, be, and she is hereby permitted to visit said children at the home of the plaintiff at any and all reasonable times of the year, and that the said defendant be, and she is hereby permitted, upon application to be made to the District Court of this District, as hereinafter provided, to take said children to her home for a visit during such part of the three months summer school vacation as she may desire, it being required, however, that application for such visit shall be made to the District Court of this District, which said application shall be accompanied by a certified check in the sum of Two Thousand Dollars payable to the plaintiff, and the said certified check to be deposited with the clerk of this Court, upon condition that the said children shall be re-delivered to the possession of the plaintiff or his duly authorized agent, upon the termination of the time for which permission shall have been given to the defendant to have said children, provided that in the event said children shall be so re-delivered to the possession of the plaintiff or his duly authorized agent, the clerk of this

court shall, and he is hereby ordered to return said certified check to said defendant or her duly authorized agent, but in the event the said children shall not be returned to the possession of the plaintiff or his duly authorized agent upon the termination of the time for which permission shall have been given to the defendant to have said children, the Clerk of the Court shall be, and he is hereby ordered to deliver said certified check to the plaintiff, in which event the said certified check and the money thereby represented shall be and become the property of the plaintiff.''

Said order also thereupon dissolved a temporary restraining order that had been granted upon or shortly following the filing of said petition for modification, and the application of said petition that the restraining order be made permanent was thereupon denied. Those are the provisions of the order now complained of by this proceeding in error, through which it is insisted that the entire custody and control should have been awarded by said modification to the plaintiff, without any right of defendant to take the children at any time from his immediate control. Indeed, as we have understood the argument, it is contended that the only permission which should have been granted the defendant with respect to the children was the right to visit them while in the control and custody of the plaintiff, and if so desired on his part, in the presence of himself or some other person representing him. Indeed, upon the filing of the proceeding in error in this court, an application was made for supersedeas, upon which an order therefor was granted; the said order reciting the provisions of the modification order aforesaid with reference to the custody of the children objected to by the plaintiff; and whereby it was sought to continue the temporary restraining order issued in the cause until the appeal could be perfected, so as to prevent the removal

of the children from or out of this state and the jurisdiction of said court pending the appeal, and in that order it was stated:

"And it appearing that the sole ground or supposed necessity for the application for supersedeas is that the children of the parties may otherwise be taken from the jurisdiction of this court and out of the state pending the appeal, and it appearing that execution of that part of said judgment, authorizing the removal, temporary or otherwise, of the children of said parties out of the state of Wyoming pending this proceeding in error, should be stayed  *  *  *  It is ordered that upon the giving of a good and sufficient bond for the payment of costs and all damages that may be suffered or caused in consequence of the staying of said part of said judgment pending the proceeding in error,  *  *  *  the execution of said judgment in that respect shall be, and the same is hereby, stayed during the pendency and until the termination or determination of the proceeding in error herein.  And it is especially ordered and directed that the defendant in error shall not, pending this proceeding in error, carry, transport, take or convey said children or either of them from or out of the state of Wyoming or the jurisdiction of the courts of this state, and that no permission shall be granted by said district court, or the judge or any officer thereof, for the taking, carrying, conveying or transporting by the defendant of said children or either of them out of the state of Wyoming, or from or out of the jurisdiction of the courts of this state during the pendency of this proceeding in error.  And it is further ordered, as an additional condition, that the provisions of the judgment here for review, granting to the defendant permission to visit the said children at the home of the plaintiff at any and all reasonable times of the year, shall remain and continue undisturbed pending the proceeding, and, as a further

condition, that pending said proceeding in error she may be allowed by the said district court or the judge thereof, at any time deemed by it or him to be reasonable, when desiring to visit the children, to visit with them during such part of the day as such court or judge may deem to be proper or reasonable, at some other home or place in said city, outside the residence of the plaintiff, under such restrictions, and to return them to plaintiff's home, as may be deemed reasonable by the said court or judge; it being no part of this condition that the defendant shall be entitled to keep the children over night outside of the home or residence of the plaintiff on any occasion of any such visitation; but it is intended by said condition that such visitations at the home of the plaintiff, or at such other place in said city of Casper as may be deemed proper and reasonable by said court or judge, shall be undisturbed by the presence of others, unless desired by the defendant in error, subject, however, to such restrictions, temporary or otherwise, as may be directed by the said court or judge or to be abrogated in the discretion of said court or judge, as the circumstances may seem to justify.''

Upon the application for supersedeas, immediately following the filing of the petition in error, it was contended by plaintiff in error, as we then understood, that, as a matter of law, the granting of permission for the children to be taken out of the jurisdiction of the court and into another state for the purpose of the visitations allowed the defendant in error, was objectionable upon jurisdictional grounds. But we think that contention can not be sustained, and understand that it was abandoned upon the more recent argument. The rule is stated in 19 C. J. 348, as follows:

"The court may direct that the parent, to whom the custody is awarded, shall not, without its permission, permanently remove the children from the jurisdiction of the

court. And since the parent, who is denied the custody, is not necessarily deprived from the right of access to the children, it * * * may be protected by requiring the parent to whom the custody is awarded to give security that the children shall not be taken permanently from the jurisdiction of the court. Where, however, it is conducive to the best interests of the child, its custody may be awarded to a parent who resides without the state, or is about to depart therefrom to establish a residence elsewhere, but the court should not award custody of a child, pending an appeal, to a parent living out of the state.''

In Stetson v. Stetson, 80 Me. 483, 15 A. 60, it was said, following a quotation from the statute authorizing the court, in a decree of divorce, to also decree concerning the care, custody and interests of a minor child of the parties, and alter the decree from time to time as circumstances require:

''We find no qualification or restraint of the power given, except such as may be imposed by the sound discretion of the justice presiding. That the result of the decree may cause the removal of the child beyond the limits of the state, is not of itself an objection. This may be the effect in any case, though the parent receiving the custody may at the time be a resident within the state. There is no authority, except in case of crime, to prevent an immediate removal from the state. The order, even in this case, is not that the child shall not be removed, though probably such may be the effect of it. But even though it may be so, the child is not removed from the jurisdiction of the court. That has already attached. The decree is a conditional one, subject to modification and change. The mother takes the child subject to that condition. On any proper process for a change, she is bound, wherever she may be, to take notice, and though she may not personally be within the jurisdiction of the court, the subject

matter is, so that the judgment of the court will be valid
and binding upon her, and by the provisions of the con-
stitution of the United States may be enforced against her,
though in another state. In such a case as this, the great
governing principle for the guidance of the court is the
good of the child. It may often be for the best interests
of the child that it should be removed from the state for
the purposes of education, business or support. If there
is any occasion for imposing restraint in this, it is compe-
tent for the justice presiding to impose it.''

In the Missouri case of Hartman v. Hartman, 277 S. W.
950, it was held that where the well-being of a child re-
quires that it be placed in the custody of a parent residing,
or intending to reside, without the state, the fact that the
child is removed from the jurisdiction of the court is not
controlling. And in the case of Wald v. Wald, 168 Mo.
App. 377, 151 S. W. 786, the right or jurisdiction of the
court, to permit the removal of the child into another jur-
isdiction, is recognized, though it was said to be against
the policy of the law to permit such removal unless the
well-being and the future of the child would be better
subserved thereby. In a later Missouri case, Meredith v.
Krauthoff, 191 Mo. App. 149, 177 S. W. 1112, the court
said:

"The courts have not hesitated to allow a parent, to
whom the child has been awarded, to take it to another
state, or even to a foreign country, when the best interests
of the child would be subserved thereby.'' (Citing cases.)

And it was said also in that case, that the parties to a
divorce suit are personally bound by its decrees and or-
ders, which are controlling upon, and will be recognized
by, the courts of other states; so that the removal of a
child of the parties to another state is not a taking of the
child beyond the jurisdiction of the court in the sense that

the court would thereby lose jurisdiction to change its order in the future, should subsequent events require it, or of ousting the court's jurisdiction over the child. In Griffin v. Griffin, 18 Utah 98, 55 Pac. 84, considering an assignment of error in a divorce case, complaining of that part of the finding and decree forbidding the defendant from taking her child beyond the limits of the state, the court said:

"It appears from the evidence that defendant's parents reside in the state of Iowa, where she lived until recently. Her welfare and the best interests of the child might demand a return to her parents and friends there, though outside of the state. We are of the opinion that so much of the findings, conclusions of law and decrees as forbids her from taking her son beyond the state without the consent of the plaintiff, is erroneous."

It is contended by appellant's counsel, also, that in cases of this character—those involving the custody and control of minor children of divorced parties, if not in all cases involving the custody and control of children—the usual rule of decision upon appeal, that the conclusion and judgment of the trial court should be left undisturbed unless found to be based upon an error of law, or to be the result of an abuse of the sound discretion usually vested in such court, does not apply. That may not state with entire accuracy the contention, but it explains the argument as we have understood it, namely, that in this case and others of the same kind the appellate court is not restricted in any way by the findings and judgment of the trial court upon the facts, but is free to exercise its own discretion, entirely independent and regardless of the manner of the exercise of the trial court's discretion. We think that is not a correct statement of the rule that should govern in this case, or in other cases of the same

nature, on appeal or error, or the rule as generally followed in appellate courts. Thus it is said in 29 Cyc. 1604:

"The custody of the child rests in the discretion of the court; and the exercise of this discretion will not be disturbed upon appeal, except in case of its manifest abuse."

In 19 C. J. 347, it is said:

"In the absence of a controlling statute and subject to the rules heretofore mentioned as to the welfare of the child, and the rights of the parents, the determination as to whom the custody of the children should be awarded is within the discretion of the court, and unless such discretion is abused, the judgment will not be disturbed; but the court should be guided by the evidence produced in open court."

And again in the same work at page 361:

"The discretion of the lower court in respect to awarding the custody and support of minor children, will not be disturbed upon appeal, where the evidence is conflicting, or where there is no exception to the decree, or unless the action of the court involves a violation of some legal principle or right or a clear abuse of such discretion."

So it was said in Freeland v. Freeland, 92 Wash. 482, 159 Pac. 698:

"The appeal presents but one question, namely, does it appear from the evidence introduced at the hearing that the trial court was guilty of an abuse of discretion in refusing to modify its original decree touching the custody of the child. It must be borne in mind that the petitions were heard by the judge who had tried and determined the divorce action; that he was conversant with the facts developed in the divorce proceedings, and that he had the

witnesses before him in the present action, and was in a better position to pass upon their credibility than is this court. Under such circumstances we have heretofore held that, an appellate court should not disturb the order of the trial court unless it is made reasonably plain by the evidence that the welfare of the child requires it."

It was said in Joslyn v. Ohlmacher, 229 Mich. 181, 200 N. W. 968:

"The trial judge had the great advantage of hearing and seeing the witnesses. We have read with care the affidavits and the correspondence filed in the testimony given in the court below. We are not persuaded that the trial judge reached a wrong conclusion."

In the case of Commonwealth v. Butler, 84 Pa. Super. Ct. 291, which was habeas corpus to determine the question of custody of a son of the relator by a former marriage, who had been living with relatives of his deceased mother, the court said, after having stated the fact of its jurisdiction in the case:

"The burden in such a case is, however, upon the appellant to establish that the decree of the court below is, under the evidence, manifestly erroneous, or based on a mistake of law."

In Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702, the Supreme Court of Montana said:

"When a controversy arises between parents over the right to custody of the children, the duty of deciding it is a delicate one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony in such a controversy has a very superior advantage in determining the same, and his decision ought not to be dis-

turbed, except upon a clear showing of an abuse of discretion.''

It was said by this court in Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, a case involving, as between parents, the right to the custody of a child:

''The finding was a general one upon the issues and the evidence is in the record, part of which was oral. The trial judge had the benefit of having the parties and some of the witnesses before him. The case does not come before this court for trial *de novo*. In considering the evidence we do not, sitting as a court of review, assume to weigh it, but only look into the record to ascertain if the judge abused his discretion in awarding the custody of the children to their father.''

The district judge, who heard this application for a modification of the original order entered in the divorce action, was not the judge who presided at the trial of that action, but he heard the oral testimony of the several witnesses who were produced upon the hearing of the present application, and as to certain of those witnesses, who were and are entirely unknown to the members of this court, was in a better position to determine their credibility, as well as the effect to be given to the facts testified to by them. It is our opinion, therefore, that unless some legal principle is found to have been violated by the order appealed from, or the court's discretion is found to have been abused, the order should not be disturbed. And there are further reasons for our opinion in that respect.

The order, while appealable as a final order, is not such a final order as to conclude any further hearing upon the question of custody or control of these children. Other applications for the same purpose may be made, and particularly in view of the fact that the children are approaching ages where some special regard may be neces-

sary respecting their education, possibly in an institution of learning away from home. Again, at the time of the divorce action, as already shown by the above statement of facts in the case, the parties had entered into a written contract regarding the custody of the children. It is true that such a contract is not necessarily controlling in the determination of subsequent applications for custody or control, especially where the situation or condition of the parties may have changed. 19 C. J. 347. Yet the burden should be upon the applicant for a modification of the order originally entered upon and pursuant to such a contract.

As we understand the contention of plaintiff and appellant upon the facts, it is not that the provision, permitting the defendant and respondent to have the children in her home in Denver during a period allowed for her to visit them upon application for that purpose to the district judge, should be lessened or further restricted; but it is that such provision be entirely set aside or vacated. It may be that said provision should, in time, be modified, as the necessities or conveniences of either of the boys might require, having regard to their welfare in the matter of education and training in or out of school, possibly by lessening the period, or changing the time for such visitation, as to either or both of them. But no such matter has been presented to us, and, without deciding the question, it would seem that the present order for such removal and visitation, based as it is upon permission of the district judge to be obtained each time, confers upon the judge sufficient power, without further application, to so condition his permission as to provide for any such suggested contingency.

But after carefully examining the evidence and considering the able arguments presented at the hearing in this court, we are unable to conclude that the district court abused its discretion by the order finally made upon the

application for modification, or that the order violates any legal principle. The general rules governing the determination of the delicate question presented by an application for a determination of the custody and control of the children between divorced parties or parties to divorce actions, are not disputed in this case, and we are satisfied that they were clearly understood and considered at the hearing in the district court. We shall not take time or space to enter upon a discussion of those principles, except to state the fundamental rule that the controlling question must be the welfare of the children. Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1; Jones v. Bowman, 13 Wyo. 79, 77 Pac. 439, 67 L. R. A. 860; Madson v. Humane Society, 25 Wyo. 338, 169 Pac. 336. But while the welfare of the child or children is a paramount issue, and must be the guiding point in any determination of the question of custody or control, the rights or affections of the parents are not to be denied due consideration, though, if conflicting with what is found to be the welfare of the child, they may be disregarded.

The trial court in this case expressly stated, in announcing its conclusion at the close of the evidence, that there had been no finding in that court that the defendant is not a proper person to have the custody of the children. That was stated in explanation of the change in the order granting the custody for the entire year to the plaintiff, and limiting the defendant to the right of visitation. The court stated further that the order so made was substantially a continuation of the condition that had existed, "with the exception of the change in the legal status." And while evidence was introduced tending to show some lack of capacity on the part of the defendant in the matter of discipline, we are not convinced that such evidence is sufficient to justify this court, in the exercise of its appellate jurisdiction, to judicially declare the defendant unfit to have either of these children occasionally with her for

visitation, especially under the restriction placed around that matter by the order here complained of. It appears in the evidence that, while the defendant is not herself in possession of adequate means with which to support or to care for the children, even for the time permitted for them to visit with her in Denver, her present husband is shown to have sufficient income to take care of that matter and it is shown also that he is entirely willing to do so. There are other facts in the evidence introduced to show personal habits of the defendant not involving moral deficiency, but affecting merely the daily affairs of life; such for example as that she arises very late in the morning; which we assume was intended to show that it might cause some neglect of the children. But that, and other matters, which need not be referred to, are insufficient, we think, to justify in our exercise of appellate jurisdiction, a violation of that part of the order which is here objected to. It seems to us that, through the power of the modification granted by the statute to the district court, this whole matter can be taken care of by that court from time to time, as may be found necessary for the welfare of the children of these parties. The judgment will be affirmed.

*Affirmed.*

BLUME, J., and KIMBALL, J., concur.