Diana HENSON, Appellant (Defendant below),

v.

James N. HENSON, Appellee (Plaintiff below).

No. 3139.

Supreme Court of Wyoming.

Aug. 27, 1963.

Robert A. Burgess (of Winter, Burgess & Forrister), Casper, for appellant.

Harry E. Leimback (of Leimback, Winter & Hand), Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

By a divorce decree granted in New Mexico, mother, defendant here, was given custody of the minor child of the parties with certain visitation privileges to the child's father who was required to pay the mother $50 per month for the child's support. The mother, having remarried, now makes her home in Wyoming, and the father, plaintiff here, by habeas corpus, procured the child before the District Court of Natrona County for inquiry as to cause of its restraint and denial of the father's right of visitation and custody.

In answering defense, the mother relied upon the New Mexico decree and cross-petitioned for recovery of $450 claimed as unpaid maintenance money for the child, due under that decree, together with an attorney's fee of $250. Following trial, the court modified the New Mexico decree relating to the father's right of visitation, required the father to make up the arrearage of $450 and keep current future payment for support of the child, to post a $500 bond just prior to taking the child on a permitted vacation (the same to be returned to the father upon his returning the child), admonished the father to do nothing to embarrass the mother and her new husband with the child, and admonished the mother to respect the rights of the child's natural father and to preserve the respect of the child for its father.

The mother appeals from the entire Order and judgment, contending the court's finding of a change of circumstances is contrary to and not supported by the evidence, is contrary to law, and that the portion of the decree requiring the mother to carefully respect the rights of the father and

preserve the respect of the child for her natural father and if the mother refuses to so do, the child may be taken from her, is so uncertain and indefinite as to be impossible to perform and is contrary to law.

■ There is sharp conflict in the testimony as to what has occurred when the father sought to exercise his rights of visitation pursuant to the New Mexico decree, and the trial court was privileged to accept either that evidence most favorable in support of the mother's position or that of the father. The court evidently elected to accept the latter. With this we do not interfere as that evidence was substantial. The prime if not the sole judicial objective respecting custody of a minor child and parental privileges of visitation where, by divorce, a child is deprived of a continuous home with both parents, is to serve the best interests of the child. Laughton v. Laughton, 71 Wyo. 506, 512, 259 P.2d 1093, 1095, 43 A.L.R.2d 351. Court decrees in these matters are neither to punish nor to reward one parent or the other for real or supposed derelictions.

■ Courts, though they be possessed of the reputed wisdom of Solomon, are conscious of their human fallibility, and the law recognizes that man is without that fore-vision which ensures that his judgment of today will, in light of unforeseen new conditions, prove to be adequate or even proper tomorrow. So, aside from the new circumstance presented by the mother's change of residence, the unfortunate disagreements and quarrels of the parties arising from the father's efforts to exercise the rights of visitation granted him by the New Mexico court not only prevented the father from enjoying his child, but, more importantly, the child herself was thereby denied the experience of a favorable association with her own father. If that which was intended to be accorded the child is being denied her, that circumstance of itself was sufficient for the court to interpose its authority and, by modification of the original decree, prescribe what must be done to preserve the child's right.

Also, with respect to the change in circumstances which had taken place subsequent to the original decree, it should be noted that the New Mexico decree awarded custody of the child to the mother subject to the reasonable rights of visitation by the father "in the home of" the mother. However, in view of evidence as to difficulties which arose when the father exercised his right of visitation, in addition to the mother's change of residence, the court was justified in a finding that the changed circumstances warranted a change in the provisions for visitation.

■ The extent of this change, as to whether it should be confined to local visits or include the right of vacation visits, was within the sound discretion of the Wyoming court. In the absence of an abuse of that discretion, we will not substitute our judgment.

■ Properly understood, the admonition given the father to do nothing to embarrass the mother or her new husband with the child, followed by the injunction to the mother to carefully respect the rights of the father with the child and enjoining her to preserve the respect of the child for her natural father, was nothing more nor less than salutary warning that the court would not in the future tolerate the unwarranted conduct of either party which the evidence demonstrated had taken place in the past.

The Order of the trial court is affirmed. Affirmed.

Mr. Chief Justice PARKER, dissenting.

Judge Harnsberger correctly stated the rule applicable in the present case when in Laughton v. Laughton, 71 Wyo. 506, 259 P.2d 1093, 1095, 43 A.L.R.2d 351, he said, "Where it is contended that due to changed conditions a previous decree should be modified in the interest of the child so as to better provide for its welfare, the burden is upon the party alleging it, to prove that such change has in fact occurred, and that it warrants a modification." An examination of the record in the present case discloses that there were disagreements and

quarrels between the parties as to the efforts of the father to exercise the right of visitation. Nevertheless, he stated unequivocally when pressed that he had been allowed to see the child every time he went to Casper for that purpose. On some occasions he was not permitted this privilege immediately, but there is no proof that he had made adequate preliminary arrangements, and it certainly could not be reasonably expected that a child under all circumstances should be given to a parent instanter. There was no showing that the welfare of the child would be served by her being taken by the father. On the contrary, it was apparent that he had made no intelligent plans or preparations for her during the time that she would be in his custody. As to the two-week vacation period, he said he would take her to his sister-in-law in California, but there was no evidence that the sister-in-law was qualified, able, or willing to have the child. His idea of getting acquainted with his four-year-old daughter on shorter periods when she would be with him was to take her to the movies.

A divorce decree, particularly one relating to the custody of a child, is a serious arrangement, issued by a court after a hearing upon the merits, and it should not be altered except for compelling reasons, which are not present here.

I would reverse the decree (order) of modification.