**Larry A. AYLING, Appellant (Defendant),**

v.

**Patricia C. AYLING, Appellee (Plaintiff).**

**No. 5808.**

Supreme Court of Wyoming.

April 22, 1983.

Calvin Rerucha signed the brief, and Kennard Nelson, of Rerucha & Nelson, Laramie, appeared in oral argument on behalf of appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

■ Appellant-defendant appeals from an order of the district court which modified an original decree between the parties with respect to child custody provisions. The original decree[1] placed custody and control of the two children of the parties (a boy born in June 1971 and a girl born in May 1973) in each party for a period of six months each year. The modification order[2] placed such custody and control in appellee for nine months each year—during the time the children are in school, and in appellant for three months each year—during the school summer vacation period.[3] The court found that each party was a fit and proper person to have custody of the children. Appellant contends that the issuance of the modification order was in error inasmuch as there was no showing of a material and substantial change in the circumstances of the parties since the time of the original decree, i.e. he contends that there was insufficient evidence of such change in circumstances.

We affirm.

"(a) * * * On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires." Section 20–2–113, W.S.1977.

However, because of the res judicata effect generally afforded divorce decrees, *Mentock*

Cary R. Alburn III, Laramie, signed the brief and appeared in oral argument on behalf of appellant.

1. The original decree was entered January 12, 1981.

2. The modification order was entered September 23, 1982.

3. As a general rule, divided child custody arrangements are not favored absent a good rea-

son therefor, but they are often upheld on appeal when the division places the child with one parent during the school year and with the other parent during summer vacations. See Annotation: "Split," "divided" or "alternate" custody of children, 92 A.L.R.2d 695 (1963).

*v. Mentock,* Wyo., 638 P.2d 156, 158 (1981); *Heyl v. Heyl,* Wyo., 518 P.2d 28, 30 (1974), the party seeking to modify the child custody provisions of a divorce decree must show that there has been a substantial change in circumstances since the entry of the original decree warranting a modification of the child custody provisions. *Leitner v. Lonabaugh,* Wyo., 402 P.2d 713, 719 (1965); *Laughton v. Laughton,* 71 Wyo. 506, 259 P.2d 1093, 1097, 43 A.L.R.2d 351 (1953). In ruling on the modification of the child custody provisions, the district court must strive to achieve a reasonable balance between the rights and affections of the parents, while giving paramount consideration to the welfare and needs of the children. *Bereman v. Bereman,* Wyo., 645 P.2d 1155, 1160 (1982); *Mentock,* supra; *Leitner,* supra; *Henson v. Henson,* Wyo., 384 P.2d 721, 723 (1963); *Laughton,* supra.

▆▆▆ The party moving to modify the child custody provisions of a divorce decree has the burden of showing that a change in circumstances has occurred, that the change warrants modification of the decree, and that the modification will be in the best interests of the children. *Tanner v. Tanner,* Wyo., 482 P.2d 443, 444 (1971); *Douglas v. Sheffner,* 79 Wyo. 172, 331 P.2d 840, 843 (1958); *Laughton,* supra, 259 P.2d at 1095–1096. In this respect, we will not interfere with the decision of the district court unless there is a procedural error or unless there is shown to be a clear abuse of discretion. *Bereman,* supra; *Henson,* supra; *Stirret v. Stirret,* 35 Wyo. 206, 248 P. 1, 4 (1926).

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court

under the circumstances. * * *" *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Accordingly, in order to resolve the issue here presented to us, i.e. was there a showing of a material and substantial change in circumstances, we must examine the record[4] to determine whether the trial court could reasonably conclude from the evidence that there was such a change.

Appellant became unemployed in August 1981 and remained unemployed until August of 1982, except for odd jobs which required him to leave Laramie on occasion for short periods of time. In August of 1982, shortly before the hearing on the petition for modification of the decree, appellant accepted employment as a respiratory therapist at the hospital in Laramie. The working hours were from 11:00 p.m. to 7:00 a.m., causing him to be away from the children at night. He relied on a man who rented a basement apartment from him to assist the children if a problem came up, but the renter did not enter the portion of the house occupied by the children to check on them. He was to be available only on call. Appellant also had another part-time employment which required him to be away from town on occasion.

Appellee's employment, on the other hand, required attendance at it during the daylight hours. The children would be alone for the period after school until about 5:00 p.m. They were required to call her when they got home after school. Because appellee found it difficult to take the children to the school near appellant's home, she had them transferred from that school to one near her home. She reported that the oldest child had trouble with school work before the transfer and that the school work improved after the transfer.

From the foregoing, the following finding of the trial court is reasonable—certainly it does not exceed the bounds of reason

---

**4.** Appellant caused a transcript of the original divorce proceedings to be prepared and transmitted as part of the record on appeal. However, the transcript was not filed with the district court until November 3, 1982, more than a month after the order modifying the decree was entered. It was, therefore, not before the district court for the purpose of the decision, and we have not considered it on appeal.

under the circumstances and cannot be said to be an error of law:

"3. That a material and substantial change of circumstances has occured [sic] since the awarding of the original Decree of Divorce herein, which include but are not limited to the following:

"The Respondent's [appellant's] change of employment, the nature of his employment, his working hours, the requirements of his job and travel requirements; changes in caretaking arrangements for the children, educational requirements and other circumstances which have arisen [5] and which were not foreseen or contemplated at the time of the entry of the Divorce Decree."

Appellant's unemployed status was certainly an uncontemplated change of circumstances, as was the regular night work required by his present employment. The trial court's effort was directed at a determination as to whether or not all of the present circumstances are a *substantial and material* change from those which existed at the time of the divorce. "Substantial" and "material" are words of degree. An exercise of discretion is involved in applying them. If the trial court did not abuse its discretion in applying these words to the matter before it, we cannot second guess its decision.

 There was no abuse of discretion in finding from the evidence that a change in circumstances occurred which would warrant a modification of the original decree. Presence of a parent at home when the children are not in school and changing the school being attended by the children each time custody changes are factors which affect the best interests of the children.

Affirmed.

---

5. Evidence was submitted reflecting a difference in control exerted by each party over the children, a difference in the type of assistance given to school work, and a difference in living environment relative to meals and division of housework.