**Phyllis Virginia (Doby) GAINES,
Appellant (Plaintiff),**

v.

**Herbert Kenneth DOBY,
Appellee (Defendant).**

**No. 89–282.**

Supreme Court of Wyoming.

July 6, 1990.

Rehearing Denied Aug. 14, 1990.

Robert B. Carroll, Cheyenne, for appellant.

Herbert K. Doby, Great Falls, Mont., pro se.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Phyllis Virginia Gaines (mother) appeals from an order of the district court which modified child visitation provisions and a medical insurance provision in the original divorce decree which dissolved mother's marriage to her former husband, Herbert Kenneth Doby (father), who subsequently moved to Montana. In an earlier chapter in this case, without reaching the merits of the controversy, we remanded so that the district court's procedures in using a court commissioner in cases of this kind could be brought into compliance with constitutional and statutory requirements. *Gaines v. Doby,* 773 P.2d 442 (Wyo.1989).

The case is now back and mother's appeal presents two issues:

I. Did the trial court err in modifying the decree of divorce under the guise of clarifying visitation after finding there were no changes in circumstances which would justify a modification?

II. Did the trial court err in ignoring and refusing to enforce the medical insurance payment provisions of a property settlement agreement voluntarily entered into by the parties and approved by the court?

Father restates these two issues and adds a third:

I. Did the district court properly modify the original decree by defining and clarifying liberal visitation?

II. Did the district court properly modify the original decree by defining and clarifying the parties' obligations regarding the medical insurance coverage and costs provisions of the original decree?

III. Is it proper for this court, pursuant to Rule 10.05, W.R.A.P., to award costs and penalties to appellee because there were [sic] no reasonable cause for appeal?

We affirm.

## FACTS

The facts of this case, from the parties' divorce on January 20, 1987, when the original decree was entered, until our decision on May 2, 1989, remanding for further proceedings, will not be repeated here except where useful in our disposition of this appeal.

Following our remand, the district court caused the court commissioner to review the record of the August 9, 1988 hearing between the parties which had been held by the court commissioner and to make new findings. The district court independently reviewed the evidence and the court com-

missioner's new findings and, ultimately,[1] entered an amended judgment and order of October 23, 1989.

The several provisions of the original decree with which we are concerned relate to the father's visitation with his minor daughter and mother's medical insurance coverage for herself and the parties' minor child.[2] The relevant part of the visitation provisions recited:

10. The Defendant [father] shall be allowed liberal visitation of the minor child of this marriage as noted below:

\* \* \* \* \* \*

d. In the event these parties ever reside in different cities, the following shall serve as the Defendant's [father's] visitation privileges:

i. Continue alternating holidays.

ii. Eliminate visitation every other week-end.

iii. The Defendant [father] shall be entitled to one (1) month uninterrupted visitation in the summer months or at the time of his vacation from his place of employment.

iv. The Defendant [father] may be entitled to three (3) months visitation with the minor child of this marriage when and if this minor is old enough to give her approval to such a visitation.

The relevant part of the medical insurance provision recited:

13. Regarding medical and dental bills incurred by the Plaintiff [mother] and the child of this marriage, the Plaintiff [mother] currently is covered by an insurance policy at her place of employment. The minor child of this marriage is also covered under a dependent coverage provision. As long as the Plaintiff

[mother] is so employed, she will continue to insure herself and the child of this marriage. In the event, however, that the Plaintiff [mother] should ever lose this insurance coverage, an independent medical and dental policy shall be acquired. Both parties shall share equally in the expense of this policy. Furthermore, the intent of this paragraph is that the Plaintiff [mother] and the Defendant [father] shall share equally in all uncovered medical and dental expenses of the Plaintiff [mother] and the minor child of this marriage.

The district court modified these provisions in its October 23, 1989 order. With respect to visitation, the court's order recites these pertinent findings:

2. The original Property Settlement and Agreement and the Divorce Decree provide that the Defendant [father] shall be allowed liberal visitation.

3. The court should define and specify liberal visitation for the best interest of the minor child and *upon the request of both parties that visitation be specified.*

4. The Plaintiff [mother] is resistant to the defendant [father] having visitation; such resistance not being in the best interest of the child having frequent contact with the father.

5. The court should define and specify the visitation to be had by the father under the provisions of W.S. 20–2–113, which provides that the court may revise the decree concerning visitation as the circumstances of the parents and the benefit of the child require and *upon the request of both parties:*

a. The parties now live a great distance apart.

---

1. On June 6, 1989, mother filed a notice of intent to object to report of district court commissioner; on June 14, 1989, she filed an objection to proposed findings and order of district court commissioner. On June 21, 1989, father filed a written response.

The district court reviewed these filings and issued an opinion letter on July 20, 1989. The court issued a second opinion letter on September 13, 1989, denying father's motion to amend to conform to the evidence. On September 20,

1989, the court signed an order clarifying liberal visitation. On October 23, 1989, the court entered the amended judgment order which is the subject of this appeal.

2. The divorce decree incorporated by express reference the parties' property settlement agreement and agreement as to child custody and child support. Paragraph 10 of the latter related to visitation and paragraph 13 to medical insurance coverage.

b. The Plaintiff [mother] has taken a very hard line approach to allowing visitation in an attempt to severly [sic] limit such visitation.

c. The child should not be placed in the position of determining when she should have greater visitation, particularly in light of the inability of the parents to agree upon visitation. (emphasis added).

On those findings, the court then ordered that the visitation provisions in the original decree be modified in the following way:

1. The Defendant [father] shall have visitation in accordance with the Standard Visitation Order used by the District Court Commissioner, a copy of which is attached hereto and by this reference made a part hereof, with the following modifications:

a. The Defendant [father] shall have visitation for eight (8) continuous weeks commencing on June 15 of each year;

b. The Defendant [father] shall have the child for visitation from December 15 to January 15 for the next year;

c. After the child begins school at the elementary level, the defendant [father] shall have the child for visitation for the two (2) week Christmas and New Year's school vacation in alternating years;

d. In those years during which the defendant [father] is not entitled to visitation over the Christmas and New Year's holidays, Defendant's [father's] summer visitation shall be extended by an additional two weeks to a total of ten (10) continuous weeks;

e. To the extent not inconsistent with paragraphs a through d above, other standard visitation, in accordance with the Standard Visitation Order attached hereto and incorporated herein, including weekend-type visitations, shall apply. Twenty-four (24) hour notice shall be given;

f. The Defendant [father] shall have visitation in alternate years for the Thanksgiving and Easter holidays; and

g. The costs attributable to transporting the child for summer visitation and holiday visitations shall be born equally by the parties; all other visitation costs shall be born by the party exercising a visitation right.

2. The foregoing visitation is a minimum amount of visitation and greater visitation shall be arranged whenever possible.

With respect to medical insurance, the court's order recites these pertinent findings:

6. The Defendant [father] should not be required to pay for medical insurance for the Plaintiff [mother] as there are changed circumstances in that she has remarried.

7. The Plaintiff [mother] has, at all times relevant, had medical insurance as a benefit of employment and should continue to provide such insurance for the minor child.

On these findings, the court then ordered that the medical insurance provision in the original decree be modified in the following way:

3. The Plaintiff [mother] shall provide medical insurance for the benefit of the minor child at any time it is provided for her as an employment benefit. The Defendant [father] shall provide medical insurance for the benefit of the minor child at other times. Any costs * * * not covered by medical insurance shall be shared equally by the parties.

4. The Defendant [father] shall not be required to pay any of the Plaintiff's [mother's] personal medical expenses or insurance.

This appeal followed.

## DISCUSSION

### Standard of Review

■ If either party to the divorce decree petitions the court to revise some aspect of the decree concerning the care, custody, visitation and maintenance of the parties' child, the court has jurisdiction to act. W.S. 20–2–113 (Cum.Supp.1989). Independent of that statutory grant of revisory power, the court possesses inherent equitable powers in such matters as well. *Wardle v. Wardle,* 464 P.2d 854, 856 (Wyo.

1970); *Urbach v. Urbach,* 52 Wyo. 207, 226, 73 P.2d 953, 960, 113 A.L.R. 889 (1937). The court's statutory and equitable revisory powers obtain also if either party to the decree petitions the court with respect to alimony or other allowance under W.S. 20-2-116 (June 1987 Repl.).

This court has always recognized that the trial court exercises a broad discretion in the execution of its revisory powers in matters involving domestic relations. *Ayling v. Ayling,* 661 P.2d 1054, 1056 (Wyo. 1983); *Henson v. Henson,* 384 P.2d 721, 723 (Wyo.1963). "[W]e will not interfere with the decision of the district court unless there is a procedural error or unless there is shown to be a clear abuse of discretion. [*Bereman v. Bereman,* 645 P.2d 1155, 1160 (Wyo.1982) ]; [*Henson v. Henson,* 384 P.2d 721, 723 (Wyo.1963) ]; *Stirrett v. Stirrett,* 35 Wyo. 206, 248 P. 1, 4 (1926)." *Ayling,* 661 P.2d at 1056. In our determination whether appellant has clearly shown that the district court abused its discretion, we have said countless times "the ultimate issue is whether or not the court could reasonably conclude as it did." *Martinez v. State,* 611 P.2d 831, 838 (Wyo. 1980). We know that when the district court rules on a parental request for modification of a divorce decree provision, its "prime if not the sole judicial objective * * * is to serve the best interests of the child." *Henson,* 384 P.2d at 723. While the district court is seeking to achieve that judicial objective, it also "must strive to achieve a reasonable balance between the rights and affections of the parents * * *." *Ayling,* 661 P.2d at 1056. The district court's task is indeed a tough one, but it must be done.

Mindful of our review standards and of the often times cheerless chore the district court undertakes when invited by a parent to consider modification of a divorce decree, we turn our attention to the invitations by which these parents invoked the district court's exercise of its revisory powers.

### The Petitions to Modify.

On June 22, 1988, father filed his motion to modify the divorce decree to specify his visitation rights. In that motion he stated that although the decree provided he would have liberal visitation, mother had failed to allow it; that the visitation rights as described in the decree were unclear and the decree should be modified to specify those rights. In her July 6, 1988 response to father's motion to modify, mother not only denied his allegations but also moved to modify the decree. In her motion to modify she averred that since she was now unemployed the decrease in her income constituted a significant change of circumstances, necessitating an increase in the amount of child support paid by father. In light of her unemployment she also asked the court to enforce that part of the medical insurance provision of the decree either requiring father to share equally the expense of an independent medical insurance policy to cover mother and the minor child or, in the alternative, requiring father to provide complete medical insurance coverage for the minor child.

The parties litigated these modification issues in their August 9, 1988 hearing before the district court commissioner. On the visitation issue, father and his present wife testified about the difficulties they encountered with mother when trying to arrange father's visitation. Their testimony indicated mother was of a mind not to allow any visitation other than a thirty-day period in the summer unless father agreed to reduce that thirty-day period by the number of visitation days she otherwise might allow at other times during the year. In her testimony on this issue, mother said that thirty days of uninterrupted visitation with father during the summer was too long for the minor child to be away from home; she had given father the option of seeing the child every four to six weeks instead, but not to exceed a total of thirty days. In reply to a question, she answered that she was asking the court to reduce father's summer visitation. She testified that she had no problem with father's visiting for several days every four to six weeks as long as those days were part of the thirty-day total. She testified that she wanted to change the visitation provision in

the original decree along that line as she thought that was in the child's best interest.

With respect to father's visitation on the Christmas holiday, as specified in the original decree, mother testified that she interpreted the holiday to mean a three or four day period but not the total number of days identified as the normal school holiday. She felt the normal school holiday was too long a period for father to have visitation. Yet, revealingly, she admitted that when it was her turn to have the child for the Christmas holiday period, then she felt she should have the child for the entire school holiday period of twelve days.

On the medical insurance issue, mother testified that she had remarried, there had been about one month where she and the child had been without medical insurance coverage due to her unemployment, she was currently employed at Gibson's pharmacy, she also worked one day a week at the pharmacy in which her present husband was a partner, she and the child were currently covered by medical insurance through her employment at her husband's pharmacy, and her husband's salary at the pharmacy was the source from which the medical insurance coverage was being paid.

Keeping in mind the foregoing evidence, as well as the other testimony adduced at hearing, we are convinced that the district court neither erred nor abused its discretion in its disposition of the parties' motions. We find that the parties willingly presented and tried to the court the modification issues relating to visitation and medical insurance. Since the parties induced the district court to act by their motions to modify these provisions of the original divorce decree and by their litigation posture at the hearing on the motions, neither of them can be heard on appeal to argue error based upon that action. *Thatcher & Sons, Inc. v. Norwest Bank Casper, N.A.*, 750 P.2d 1324, 1328 (Wyo. 1988); *Appeal of Williams*, 626 P.2d 564, 571 (Wyo.1981), *cert. denied*, 454 U.S. 896,

102 S.Ct. 394, 70 L.Ed.2d 211; and *Weber v. Johnston Fuel Liners, Inc.*, 519 P.2d 972, 978 (Wyo.1974).

We determine that the district court could reasonably conclude from the evidence that the parties wanted it to exercise its revisory powers with respect to the visitation provisions and the medical insurance provision, that changes in circumstances had occurred, that these changes together with the parties' invitations to revise the original decree warranted modification of the decree, and that the modification would be in the best interests of the parties' minor child. We hold that the district court's judgment in these matters did not exceed the bounds of reason under all the circumstances and cannot be said to be an error of law. Lastly, we decline to certify that no reasonable cause for appeal existed.

Affirmed.

MACY, J., files a dissenting opinion.

MACY, Justice, dissenting.

I dissent. The court erred as a matter of law. Our case law is clear that the custody provisions contained in a decree of divorce cannot be modified unless a substantial change of circumstances is found to exist. None was found. The divorce decree unquestionably described what the liberal visitation rights of the father would be in the event the parties resided in different cities. Both parties did not request a clarification or a change in the custody provisions of the decree; hence, the court did not have the authority to change these provisions in the absence of a change of circumstances. The only change was the court's perception of what should have been done in the first instance.