**Yvonne K. BACHAND (Walters),**
**Appellant (Defendant),**

v.

**Robert James WALTERS,**
**Appellee (Plaintiff).**

**No. 91–6.**

Supreme Court of Wyoming.

April 22, 1991.

Stephen M. Kissinger, Cheyenne, for appellant.

Robert J. Walters, appellee, pro se.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY, and GOLDEN, JJ.

## OPINION

MACY, Justice.

In this case, we are called upon to determine whether the district court erred in clarifying its own order modifying a decree of divorce.

We affirm.

Appellant Yvonne K. Bachand (Walters) states this issue:

Issue 1. The District Court Incorrectly Interpreted the Order on Petition to Modify Divorce Decree Entered March 8, 1990.

Appellee Robert James Walters counters:

1. Did the District Court Abuse His Discretion By Revising and Clarifying the Parties' Divorce Decree to (a) grant the Appellant the ability to visit the Parties' Children When they visited the Appellee Out of State During the Summer; and (b) To Extend Appellee's Summer Visitation Period By the Amount of Time in Which Appellant Visited?

2. Is Appellant subject to costs, penalties and damages pursuant to W.R.A.P. 10.05 for bringing a frivolous and meritless appeal?

The parties were divorced by a decree entered on March 15, 1987. The wife was awarded custody of the parties' two minor children, who were then about four and one-half years and three months of age. The original decree provided for visitation rights, largely premised upon the fact that both parents were residing in Cheyenne, but also contained this provision:

If the parties reside in different communities which prevents the exercise of the visitation during the week, Husband shall be entitled to have the children for six weeks during the summer months. Further, during the years in which Husband is entitled to have the children on Christmas day, he shall be entitled to have them for one week during the Christmas vacation.

In June 1989, the husband sought to have the decree modified as to his visitation rights. He premised his request for modification upon the fact that he had moved to southern California. The husband asked to be given four additional weeks of visitation during the summers as well as other periods of visitation which coincided with school vacation periods. The wife objected to lengthy summer visitations and introduced expert testimony indicating that, because of their ages, the children could be adversely affected by being away from their primary caretaker for periods longer than four weeks at one time. The district court, acknowledging that it was in the best interests of the children, entered an order on March 8, 1990, modifying the visitation provisions as follows:

The visitation provisions of the Judgment and Decree of [D]ivorce entered herein on the 15th day of May, 1987 should be, and the same are hereby, clarified to provide as follows:

a. During the summers of 1990, 1991 and 1992, Plaintiff's summer visitation with the minor children shall be one visitation period of three (3) weeks containing four (4) weekends during the first month of summer vacation and a second visitation period of three (3) weeks containing four (4) weekends during the third month of summer vacation.

b. During the summers of 1990, 1991 and 1992, Defendant shall be entitled to visit the minor children for the Tuesday, Wednesday and Thursday of the second week of each such visitation period. Such Tuesdays, Wednesdays and Thursdays shall not be included when determining Plaintiff's visitation periods.

c. Beginning in the summer of 1993, Plaintiff shall be entitled to seven (7) consecutive weeks summer visitation containing no less than eight (8) weekends. During such summer visi-

tation, Defendant shall be entitled to visit the minor children for the Tuesday, Wednesday and Thursday of such weeks as she may be able to travel to Plaintiff's place of residence. Such Tuesday(s), Wednesday(s) and Thursday(s) shall not be included when determining Plaintiff's visitation period.

On May 14, 1990, the husband filed a motion for an order to show cause why the wife should not be held in contempt of the modified visitation order, claiming that the wife failed to abide by the terms and conditions of that order. On June 15, 1990, the wife filed a motion for summary judgment on the basis that she had fully complied with the modified visitation order. The district court denied both motions on November 20, 1990, and, because of the parties' disagreement as to the interpretation of the March 8, 1990, order, issued a clarifying order, which provided in part:

    3. That the Court hereby clarifies the Court Order of March 8, 1990 as follows:

      a. That the Court hereby adds the following to paragraph 3a: "This schedule applies if Mother does not exercise any visitation as set out in paragraph 3b and 3c.["]

      b. ["]In the event the Mother chooses to exercise visitation as set out in paragraph 3b and 3c, then Father shall be entitled to an additional visitation with his children for such time as the Mother has visited the children. This means that should the Mother visit less than the full three days, the Father will not be entitled to three additional days but only such additional time as utilized by the Mother in visiting the children as set out in paragraph 3b and 3c."

    4. That the Court in further clarification of the Court's Order of March 8, 1990 hereby adds the following sentence at the end of paragraph 3c o[f] said Order: "The Mother shall be limited to two (2) visits under this paragraph."

This appeal followed.

Wyo.Stat. § 20–2–113(a) (Supp.1990) provides in pertinent part:

Either parent may petition the court to enforce or revise the decree. The court has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires.

Neither party filed a motion to revise the visitation schedule. The wife urges us to view this matter from the perspective that the district court was construing its order, that such a construction is a question of law, and that we should give no particular deference to the decision of the district court. It is our view that the parties clearly demonstrated, through their actions and pleadings, the existence of a profound disagreement about the visitation periods. In the March 8, 1990, order, the district court employed language which was subject to misconstruction, especially in view of the parties' now rather obvious hostility level. Therefore, we conclude that the district court could properly clarify its earlier modification order in light of the circumstances of the parents and for the benefit of the children. *See Gaines v. Doby,* 794 P.2d 566 (Wyo.1990).

The husband asserts that the wife's appeal was meritless and asks this Court to so certify and to award costs and a penalty pursuant to W.R.A.P. 10.05. We decline to do so.

    Affirmed.

URBIGKIT, C.J., files a dissenting opinion.

URBIGKIT, Chief Justice, dissenting.

It is with discomfort and deep concern for organized and determinate litigative processes that I view the pleadings and decisional developments in this case. In apprehension that a trial court decision without pleadings in the guise of construction of its prior order or decision would deny due process and a fair opportunity to defend, I respectfully dissent.

The intrinsic system of American adjudication is notice by pleadings so that an opportunity to contest will be afforded. In

this case, the trial court amended a prior order on visitation without either foundational pleadings or a trial motion to amend to conform to the evidence. W.R.C.P. 15(b). I am convinced that the majority directly ignores what this court defined as criteria for valid court action before relief can be granted in *Connors v. Connors*, 769 P.2d 336 (Wyo.1989).

The divorce decree non-pleading modification delineation of *Connors*, when a pleaded demand for relief was not provided to afford notice and opportunity to defend, should not be so lightly subjugated as we do in this case in the guise of what is a constructional change with amendatory substance. Without regard for the broad perspective of judicial discretion in amending an existing divorce decree, we still need to look at what the parties plead before determining that the trial court in this case, in good faith but without the statutory requirement of pleading, had the power to change the original or first amended decree in subsequent hearing. *Connors*, 769 P.2d at 349.

The record sequence of these post-decree proceedings started with a March 8, 1990, "Order on Petition to Modify Divorce Decree". In that order, specific and defined child visitation proceedings were explicitly stated. No appeal was taken.

However, we then almost immediately start over again. On May 14, 1990, the father filed a "Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Willful Interference of Plaintiff's Visitation Rights and for Willful Failure to Abide by the Terms of this Court's Judgment and Decree and for the Reasonable and Necessary Costs of this Action." The pleading contended that there had been noncompliance with the original decree and order of March 8, 1990. Attached material indicated a desire to have the trial court interpret the two month old amendatory decree regarding visitation. Specifically what interpretation was desired is not stated in the father's motion.

The mother responded without any illumination by her pleadings to define what may have been the specific interpretive need. Conjunctive with her response, the mother also moved for summary judgment. The motion for summary judgment was a "talking pleading" by addition of a significant number of factual allegations by briefing which were otherwise not factually contained in the record.

In the flurry of documentary filings, the record comes to reveal a two stage contest about visitation involving the mother who remained in Cheyenne and the father who lives in San Diego, California. The summer visitation for the father collapsed from one period of six weeks into two periods of three weeks each. At an early stage, it was recognized that the three week visitation periods should include weekends on both sides in order then to total three weeks and two days.

That issue was settled out in contested detail, but another more pressing question followed. The argument that next developed concerned the mother's visitation for three days during the second three week period while the children were in San Diego. The father's affidavit of July 12, 1990 tells us that if the mother is to be given rights during the father's summer visitation as a mid-visitation interruption of three days, then the three weeks and two days should be extended to three weeks and five days to compensate for interruption of his time. We know this because it is stated in the pro se affidavit argument by the father, but in no way included as a request for pleading relief derived from the case status of a petition to hold the mother in contempt.

The file seems at that stage to present nothing more than an application to hold the mother in contempt for failure to agree to the father's nonjudicial desire to accomplish a further amendment to the visitation decree to assure the compensatory additional visitation time of three days.

Following testimonial argument of counsel for the mother and the father pro se, the order was entered from which appeal is now taken. Contempt was dismissed, the motion for summary judgment was overruled and the trial court stated:

3. That the Court hereby clarifies the Court Order of March 8, 1990 as follows:

a. That the Court hereby adds the following to paragraph 3a: "This schedule applies if Mother does not exercise any visitation as set out in paragraph 3b and 3c.

b. In the event the Mother chooses to exercise visitation as set out in paragraph 3b and 3c, then Father shall be entitled to an additional visitation with his children for such time as the Mother has visited the children. This means that should the Mother visit less than the full three days, the Father will not be entitled to three additional days but only such additional time as utilized by the Mother in visiting the children as set out in paragraph 3b and 3c."

4. That the Court in further clarification of the Court's Order of March 8, 1990 hereby adds the following sentence at the end of paragraph 3c or [sic] said Order: "The Mother shall be limited to two (2) visits under this paragraph."

5. That all other terms and conditions of the Order of March 8, 1990 shall remain the same except as altered hereby.

On appeal the mother contends that the change was an erroneous interpretation of the prior visitation amendment. The father denied abuse of discretion in the clarification modification whereby the mother was assured interim visitation and the father an equivalent additional time for his period of visitation. Finally, in reply brief, the mother reached the real issue, albeit obliquely, which was decree amendment without supporting pleading. Neither litigant cited *Connors*, 769 P.2d 336.

I would not find *Gaines v. Doby*, 794 P.2d 566 (Wyo.1990), Macy, J., dissenting, cited by both litigants to supercede the pleading rule of *Connors*. Clearly in *Gaines*, the conflict got to the court as an actual pleading request for modification addressing visitation. The dissent denied proper evidence on the record of a substantial change and not that there was no pleading to establish the litigation controversy. The entire decisional process in *Gaines* was consequently different than the *Connors* rule which related to the foundational requirement of pleading. Furthermore, *Connors* was not cited in *Gaines*.

My concern with what we do here is the confusion created about orderly processing with adequate notice in these sufficiently complex post-decree divorce intricacies. This court and the trial bench should remain clearly fixed to the *Connors* rule that relief by modification of a divorce decree can only be provided if a request is made by a pleading to provide notice and an opportunity to defend. I do not necessarily doubt the justice implicit in giving the father an additional three days for visitation as an offset to the mother's mid-term interruption of his visitation. I do, however, question the pleading status to justify anything as affirmative relief in a case where one party moves for and is denied contempt, and the other party moves for and is denied summary judgment.

This majority, perhaps because counsel led the way, now ignores *Connors* and its jurisdictional character. It is hard to conclude that an additional grant of visitation time is interpretive only and not a modification or revision.[1]

I would find our decision in *Connors* to be peculiarly within the present structures of this appeal.

Jurisdiction over all aspects of divorce actions in Wyoming is conferred upon the district courts by W.S. 20-2-101

---

1. I can understand the trial court's obvious frustration. The continued inane squabbling by the parents in this case cannot benefit the children and, if continued, may clearly justify assessment of substantial attorney fees or other sanctions and particularly so since the father appears pro se. The file we are presented following entry of the order of November 20, 1990, from which appeal is taken, now shows yet another proceeding involving the same disputes which appears to have been scheduled for a February 25, 1991 hearing. There is not anything in the record that I can find now to be less than clearly defined. Surely the parents should be able to read as well and, even if not, to then think of the welfare of their children and accept a mutual resolution no matter what inhibitions may exist to reading something that is relatively specific.

through 20–2–118. *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1340 (Wyo.1988). While the general rule is that a court has continuing jurisdiction to modify the custody and support aspects of its own decree, *Graham [v. Fenno]*, 734 P.2d [983] at 985 [(Wyo.1987)]; *Erb [v. Erb]*, 573 P.2d [849] at 851 [ (Wyo.1978) ]; *Strahan [v. Strahan]*, 400 P.2d [542] at 543 [ (Wyo.1965) ], such jurisdiction is bestowed upon the court only through proper petition by one of the parents in the underlying action pursuant to W.S. 20–2–113(a). W.S. 20–2–113(a) provides in relevant part:

> In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. * * * **On the petition of either of the parents,** the court may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires. [Emphasis added.]

The effect of the foregoing statute, as it applies to the instant case, is that it authorizes the court, "[o]n the petition of either of the parents," to revise and alter its decree. The clear language of this section instructs that the court may *not*, of its own initiative, modify its own order with respect to, among other things, a child support obligation absent a proper petition by one of the parents requesting such modification.

\*    \*    \*    \*    \*    \*

Thus, a petition of one of the parents seeking modification of an existing order is a statutory prerequisite to the court's power to act. W.S. 20–2–113(a).

*Connors*, 769 P.2d at 348–49 (emphasis in original).

Lacking either a pleading or something in the nature of a motion to conform pleading to the evidence, W.R.C.P. 15(b), I would remand the case to the trial court for further consideration in accord with *Connors*. If further specificity or additional amendments to resolve the squabbling about visitation is needed, then one of the parties should ask by a proper pleading which might also provide the trial court the assistance of a response by the other party to be directly addressed to the issue presented.

Dismissal of a citation for contempt and rejection of summary judgment where a counterclaim had not been presented do not appear to be the proper carriers for divorce decree amendment.